826 F.2d 1073
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ralph G. KADAU, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3101
 United States Court of Appeals, Federal Circuit.
 July 17, 1987.
 
 DECISION
 Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. CH831M8610184, sustaining Office of Personnel Management's (OPM's) reconsideration decision requiring Ralph G. Kadau (Kadau) to reimburse overpayments of civil service retirement benefits, is affirmed.
 
 OPINION
 
 2
 The Internal Revenue Service's determination that Kadau's military benefits were nontaxable because they were based on disability is irrelevant to the question of whether Kadau's military service may be used to compute his civil service retirement benefits. Substantial evidence in the record supports the board's finding that Kadau was receiving military retirement pay. The board correctly determined, therefore, that Kadau's military service could not be credited in his civil service annuity computation.
 
 
 3
 As Kadau correctly notes, under 5 U.S.C. Sec. 8346(b) and 5 C.F.R. Sec. 831.1401, OPM may waive an overpayment if an employee is without fault and recovery would be against equity and good conscience. Kadau correctly characterizes the language of 5 C.F.R. Sec. 831.1402(a)(1) as setting forth a 'reasonableness' standard for determining fault. Contrary to Kadau's argument, however, that standard contemplates an objective determination of fault. Under that standard, Kadau's good faith does not relieve him from liability. Kadau's reliance on apparently contrary statements in Shannon v. United States Civil Service Commission, 444 F. Supp. 354 (N.D. Cal. 1977), rev'd in part, 621 F.2d 1030 (9th Cir. 1980), is misplaced because that case was decided before OPM's extensive 1980 amendments to the regulations for determining fault. 45 Fed. Reg. 23,635. Kadau does not dispute that the 1980 regulations apply to his case.
 
 
 4
 Because the board was not required to examine Kadau's subjective state of mind, it did not fail to consider relevant factors in considering only objective evidence. Substantial objective evidence supports the board's finding that Kadau should have known it was incorrect to tell OPM that he was not receiving military retired pay when he applied for civil service disability retirement.
 
 
 5
 Because we affirm the board's decision that Kadau was not without fault, we do not reach the issue of whether recovery from Kadau would be contrary to equity and good conscience. 5 U.S.C. Sec. 8346(b).
 
 
 6
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed. Cir. 1986); 5 U.S.C. Sec. 7703(c) (1982).