854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anna M. GEORGE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3039.
 United States Court of Appeals, Federal Circuit.
 July 15, 1988.
 
 Before MARKEY, Chief Judge, DAVIS* and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. CH08318710302, affirming Office of Personnel Management's (OPM's) reconsideration decision denying Anna M. George (Anna) a civil service survivor annuity, is affirmed.
 
 OPINION
 
 2
 Because Anna was divorced from Hunster George (Hunster) before September 14, 1978, she is eligible for a survivor annuity only if "there is no surviving spouse of [Hunster] and no other former spouse of [Hunster] who is entitled to receive a survivor annuity...." Civil Service Retirement Spouse Equity Act of 1984 (CSRSEA), Pub.L. 98-615, Sec. 4(b)(4)(A)(ii), 98 Stat. 3199, 3205 (1984), as amended by Pub.L. 99-251, Sec. 201(b), 100 Stat. 20, 22 (1986) (set out as a note to 5 U.S.C. Sec. 8341 (1982 & Supp. IV)); see 5 C.F.R. Sec. 831.622(a)(2)(v) (1987).
 
 
 3
 The genuineness of Hunster's signature on the document asking that "all my dependents [sic] names [be] changed to read for Dorothy Laura George" (Dorothy) has no bearing on Anna's eligibility for a survivor annuity. When Hunster died in 1977, the law then in effect automatically entitled his "widow" to receive an annuity, regardless of whether Hunster had notified the government of his remarriage. 5 U.S.C. Sec. 8341(b)(1) (1976). Anna does not dispute that Dorothy is Hunster's "widow" within the meaning of 5 U.S.C. Sec. 8341(a)(1). The board did not err, therefore, in determining that the CSRSEA precludes Anna from receiving an annuity because Dorothy is a "surviving spouse ... entitled to receive a survivor annuity."
 
 
 4
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 107 S.Ct. 891 (1987).
 
 
 
 *
 DAVIS, Circuit Judge, who died on June 19, 1988, participated in the consideration of this case but took no part in the decision