907 F.2d 159
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alejandro P. VILLALON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3170.
 United States Court of Appeals, Federal Circuit.
 June 15, 1990.
 
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Alejandro P. Villalon appeals the decision of the Merit Systems Protection Board (Board) denying him a retirement annuity under the Civil Service Retirement Act. Villalon v. Office of Personnel Management, Docket No. SE08318910164 (MSPB May 15, 1989). An administrative judge (AJ) decided Villalon was not entitled to the annuity. The Board denied review as the petition did not meet the criteria for review under 5 C.F.R. Sec. 1201.115 (1989). The AJ's initial decision therefore became the final decision of the Board. Id. Sec. 1201.113(b). Considering Villalon's timely appeal of the final decision, we affirm.
 
 OPINION
 
 2
 We review the Board's decision to determine if it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 Villalon has the burden to prove his entitlement to a civil service retirement annuity. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). The AJ concluded Villalon failed to establish that he had completed five years of creditable civilian service as required to receive a retirement annuity. Villalon, slip op. at 3; see 5 U.S.C. Secs. 8333(a) & (b) (1988). The AJ found Villalon's service with the Navy was for only 3 1/2 years and that the record lacked any evidence of other creditable service.
 
 
 4
 Villalon claimed some years of service as a mechanic for the Department of the Army. He, however, failed to provide evidence of such employment, its length, and that it was civilian, rather than military, service. Even assuming he was a civilian employee of the Army for 1 1/2 years or more, Villalon would still not be entitled to an annuity because he provided no evidence that retirement deductions were taken from any pay for such service. Thus, the AJ found that "while [Villalon] may have worked for the Department of the Army, the record is void of any evidence to show that his service was covered by the Civil Service Retirement System." Villalon, slip. op. at 3. Substantial evidence supports that finding. We therefore affirm.