965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Maurice J. MALTESE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3031.
 United States Court of Appeals, Federal Circuit.
 April 14, 1992.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Maurice J. Maltese appeals the final decision of the Merit Systems Protection Board (Board), Docket No. BN07529110121, which affirmed the action of the United States Postal Service (Postal Service) removing him from his position as a mailhandler. Because the Administrative Judge's (AJ) finding that Maltese breached his Last Chance Settlement Agreement was based on substantial evidence, we affirm.
 
 
 2
 Maltese and the Postal Service entered into a Last Chance Settlement Agreement on December 29, 1989. The agreement suspended Maltese's November 29, 1989 proposed removal. That removal was based upon charges that Maltese had purchased illegal drugs while on duty on Postal property. In exchange for the Postal Service's suspension of removal, Maltese agreed, among other things, to submit to random drug and alcohol screening tests for a one-year period. He also agreed that a positive screening test would constitute cause for removal. On December 10, 1990 Maltese submitted to a random test, which was positive for marijuana. The agency therefore proposed his removal on January 11, 1991 for violating the drug-use portion of the agreement, as well as its attendance conditions. Maltese does not dispute the test results.
 
 
 3
 We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Maltese presented no evidence to contradict that of the agency. Maltese alleges that he was denied union and legal representation in a meeting on March 12, 1991 with Postal Inspectors. Because Maltese was removed effective February 15, 1991, he had no right to representation at the March 12 meeting. Furthermore, the Last Chance Agreement expressly waived the right to such representation once removal was initiated.
 
 
 4
 The AJ properly relied upon substantial evidence to support her determination that Maltese violated his Last Chance Agreement by testing positive for marijuana; consequently, we affirm her decision.