979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leonardo E. CERA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3287.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1992.
 
 Before PAULINE NEWMAN, ARCHER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Leonardo E. Cera petitions for review of the January 7, 1992 Merit Systems Protection Board decision, Docket No. SE08319110271, reopening his appeal on the Board's own motion and affirming the Office of Personnel Management's (OPM's) reconsideration decision that denied Mr. Cera's application for a civil service retirement annuity. We affirm.
 
 OPINION
 
 2
 OPM denied Mr. Cera's application for a deferred civil service retirement annuity based upon his alleged service with the Philippine Insular Government from approximately June 7, 1926 through November 15, 1935 and with the Commonwealth of the Philippine Islands from approximately November 16, 1935 through November 6, 1966.
 
 
 3
 Mr. Cera appealed to the Board, contending that his service with the Philippine Insular Government from approximately June 6, 1926 through November 15, 1935, was creditable and qualified him for an annuity. The Administrative Judge (AJ) affirmed OPM's decision, finding that even if Mr. Cera had five years of creditable service, he failed to serve at least one of the last two years of federal service in a covered position. 5 U.S.C. § 8333(b) (1988).
 
 
 4
 Mr. Cera petitioned the Board for review and, on January 7, 1992, the Board denied Mr. Cera's petition for review, reopened the appeal on its own motion, and affirmed the AJ's decision as modified. The Board held that, pursuant to 5 U.S.C. § 8333(b), enacted on August 31, 1954, a failure to meet the "one out of two" covered service requirement does not deprive the individual or his survivors of annuity rights that attached on a previous separation. The Board held that the law in effect at the time of Mr. Cera's involuntary separation from the Philippine Insular Government in 1935, Act of May 29, 1930, Ch. 349, § 7, 46 Stat. 468, 474 (1930) (current version at 5 U.S.C. § 8333 (1988)), required an individual to have at least fifteen years of creditable service. In addition, the Board affirmed OPM's finding in its reconsideration decision that "only pre-1935 service with the Philippine Islands Insular Government is creditable service." The Board concluded that Mr. Cera had completed only nine of the requisite fifteen years of service on November 15, 1935, and therefore was not entitled to a retirement annuity under the 1930 Act.
 
 
 5
 Our jurisdiction to review and set aside the Board's decision is limited. Mr. Cera makes no argument that convinces us that the provisions of the 1930 Act are not applicable to him. Nor does Mr. Cera contend that he has the required fifteen years of creditable service. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden of producing evidence to support his annuity claim). Accordingly, we determine that the Board's decision was not arbitrary or capricious, was supported by substantial evidence, and was in accordance with applicable law. 5 U.S.C. § 7703(c) (1988).