980 F.2d 743
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Benito C. BACANI, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3162.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before PAULINE NEWMAN, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Benito C. Bacani petitions for review of a Merit Systems Protection Board decision, Docket No. SEO8319110213, affirming the Office of Personnel Management's (OPM) reconsideration decision to deny his application for a civil service retirement annuity. We affirm.
 
 
 2
 On December 14, 1991, OPM denied Mr. Bacani's request for reconsideration of its decision that denied his application for a deferred civil service retirement annuity based on his service with the Philippine Insular Government from May 14, 1930 through November 15, 1935 because Mr. Bacani failed to establish that he was separated from a position covered by the civil service retirement system. Mr. Bacani appealed to the Board contending that his five years of service with the Philippine Insular Government was creditable and qualified him for an annuity. According to Mr. Bacani, the "covered service" requirement did not apply to him because it was not in effect at the time of his separation from U.S. government service in 1935.
 
 
 3
 In a decision dated April 26, 1991, the Administrative Judge (AJ) affirmed OPM's reconsideration decision. The AJ determined that Mr. Bacani had completed five years of service on November 15, 1935, but that the law in effect at the time of Mr. Bacani's involuntary separation from the Philippine Insular Government in 1935 required an individual to have at least fifteen years of service for the U.S. government. Act of May 29, 1930, ch. 349, §§ 1, 3, 46 Stat. 468, 470. Lacking fifteen years of service, Mr. Bacani was not eligible for a deferred civil service retirement annuity. On November 20, 1991, the full Board denied Mr. Bacani's petition for review making the AJ's initial decision final. 5 C.F.R. § 1201.113(b) (1992).
 
 
 4
 We review the Board's decision under a very narrow standard, affirming the decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 5
 To be eligible for a retirement annuity under the current statute, an employee must complete at least five years of civilian service, and at least one of the last two years of service must be in a position covered by the civil service retirement system. 5 U.S.C. § 8333(a), (b) (1988). Because the record before us does not establish that any of Mr. Bacani's service for the Philippine Insular Government was covered service, he fails to qualify for a retirement annuity under the current law. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden of producing evidence to support an annuity claim).
 
 
 6
 Failure to meet the "one out of two" covered service requirement of section 8333, however, does not deprive Mr. Bacani of any annuity rights that may have attached at the time of his separation in 1935. 5 U.S.C. § 8333(b) (1988). As the AJ correctly determined, the law in effect at the time of Mr. Bacani's separation required fifteen years of service. Act of May 29, 1930 § 1, 46 Stat. 468. Mr. Bacani had only performed five years of service at the time of his separation in 1935 from the Insular Government of the Philippines, a period of employment that does not fulfill the fifteen year classified service requirement in effect at that time. Having failed to meet at least one of the requirements of the 1930 Act, Mr. Bacani cannot qualify for a retirement annuity under the 1930 Act as well.