11 F.3d 1071
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Glenn R. RHYNDERS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3168.
 United States Court of Appeals, Federal Circuit.
 Oct. 20, 1993.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Glenn R. Rhynders petitions for review of the September 4, 1992 Initial Decision of the Administrative Judge (AJ), Docket No. BN0752920205-I-1, dismissing Mr. Rhynders' appeal of his removal by the United States Postal Service (USPS) for engaging in conduct in violation of a last chance settlement agreement that Rhynders entered into with the USPS on August 16, 1991. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on December 18, 1992, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). No such grounds are present here.
 
 
 3
 The last chance settlement agreement at issue in this case resulted from an earlier removal action against Mr. Rhynders based on attendance problems. The agreement held Mr. Rhynders' removal in abeyance for one year provided that he met certain conditions. The agreement also provided that Mr. Rhynders' failure to meet any of the conditions during the course of the one year abeyance would reactivate the original removal action, and that, by signing the agreement, Mr. Rhynders waived all of his appeal rights regarding such a removal so implemented.
 
 
 4
 The USPS subsequently removed Mr. Rhynders on the basis that he had engaged in certain conduct with one of his supervisors, a Mr. Palumbo, which violated the conditions of the last chance settlement agreement. On appeal to the Board, the AJ determined that Mr. Rhynders in fact had engaged in the alleged impermissible conduct, thus effectively reactivating the earlier removal action. Because Mr. Rhynders waived all of his rights to appeal any removal action taken pursuant to a breach of the last chance settlement agreement, the AJ dismissed his appeal.
 
 
 5
 In her Initial Decision, the AJ set forth a detailed analysis of the allegations against Mr. Rhynders, and Mr. Rhynders has failed to convince us that the AJ committed any errors in her analysis justifying reversal. Furthermore, most of the findings in the AJ's decision are based upon credibility determinations that are virtually unreviewable by us, and we find nothing in the record in this case to justify our reconsidering those determinations. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).