16 F.3d 422
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Drew W. PETERSEN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3254.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1993.
 
 Before NEWMAN, MICHEL, and RADER, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Drew W. Petersen, as trustee of the Rev. Thomas Meersman Trust (the Trust), petitions for review of the February 12, 1993 decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DE0831920388-I-1, sustaining the Office of Personnel Management's (OPM's) reconsideration decision denying payment of Civil Service Retirement System (CSRS) lump-sum death benefits to the Trust. Because the Trust was not the properly designated beneficiary under 5 U.S.C. Sec. 8342(c) (1988), OPM correctly denied payment of the benefits. We therefore affirm.
 
 DISCUSSION
 
 2
 The operative facts of this case are not in dispute. Before his death, Rev. Meersman, a VA hospital chaplain, filled out a designation of beneficiary from to change his designated beneficiary from the Archbishop of Salt Lake City to the Trust. He delivered the completed form to the personnel office of the Veterans Administration Medical Center (VAMC) where he worked. Instead of forwarding the form to OPM, however, VAMC filed it in Rev. Meersman's personnel file. This mistake was not discovered until after Rev. Meersman's death on September 22, 1991. In October 1991, VAMC forwarded the designation form to OPM with a letter explaining the mistake and urging that the designation be accepted. OPM denied payment to the Trust on the ground that it was not the properly designated beneficiary because the designation form was not "received in the Office before [the employee's] death," as required by 5 U.S.C. Sec. 8342(c). OPM maintained its position on reconsideration and its decision to deny benefits was sustained on review by the full Board.
 
 
 3
 On appeal, petitioner argues that the Trust is Rev. Meersman's properly designated beneficiary because the requirements of section 8342(c) were substantially complied with for two reasons. First, petitioner argues that receipt of the form by OPM is not part of the actual designation, but rather merely a recording function. Therefore, the statute was substantially complied with when Rev. Meersman filled out the form and delivered it to VAMC. Second, petitioner argues even if receipt by OPM is considered part of the designation, VAMC was acting as OPM's de facto agent and therefore OPM should be deemed to have constructively received the form when it was delivered to VAMC.
 
 I.
 
 4
 In support of the first argument, petitioner asserts that Hulsart v. United States, 86 F.Supp. 902 (Ct.Cl.1949)[1] is controlling. In Hulsart, the employee completed a form to change his designated beneficiary and delivered it to his former employing agency three days before his death. The employing agency did not deliver the form to the Civil Service Commission (OPM's predecessor agency) until after the employee's death, however. The statute in effect at the time required only that the designation be "recorded on [the annuitant's] individual account." Id. at 903. The accompanying Commission rule further required that the designation be received by the Commission prior to the designator's death. Id. The Court of Claims held that the change in designation should be given effect, because the statute itself did not require receipt by the Commission and because recording was not required by any particular time. In what may in any event be merely dicta, the court further noted that recording "[was] not part of the designation, but merely a record evidencing designation." Id. at 904.
 
 
 5
 Petitioner argues that section 8342(c) operates identically to its predecessor and therefore Rev. Meersman's designation should be given effect even though it was not received by OPM until after his death. Petitioner's argument is based on an incorrect analysis of the present statute. Unlike the statute at issue in Hulsart, section 8342(c) explicitly requires the designation form to be received by OPM prior to the employee's death. Therefore, receipt by OPM is part of the designation now. Consequently, Hulsart is inapposite.
 
 II.
 
 6
 Petitioner argues, nevertheless, that OPM should be deemed to have received the form in satisfaction of section 8342(c), as of its filing with VAMC because VAMC was acting as OPM's de facto agent. Petitioner relies on the affidavit of Wayne Stout, Chief of Personnel Services of VAMC, which states that it was VAMC's general practice to accept such designation forms for forwarding to OPM, and that OPM regularly accepted those forms. Therefore, petitioner argues that these actions create an agency relationship for purposes of receiving the designation. In support of this argument, petitioner cites Pharr v. Olin Corp., 715 F.Supp. 1569 (N.D.Ga.1989) (agency relationship may arise by implication, without an express agreement), and First City Federal Sav. Bank v. Dennis, 680 F.Supp. 579 (S.D.N.Y.1988) (agency relationship may be implied where principal recognizes and acquiesces in an act done by the agent).
 
 
 7
 Although actions can sometimes create an agency relationship between private parties, ordinarily they cannot do so in the case of government agencies and certainly not in direct contravention of explicit statutory requirements. Here, the statute specifies the exact agency by which the written designation must be received in order to be effective--OPM. No authority is given to OPM to establish an agent or to provide some alternate location for receipt of the designation forms. Therefore, under section 8342(c), OPM has no discretion to pay benefits to anyone other than the properly designated beneficiary on file with the Office at the time of the employee's death as required by the statute, regardless of the employee's intent or receipt of a change of beneficiary designation form by another agency. As stated in Office of Personnel Management v. Richmond, 496 U.S. 414, 424 (1989), "[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute." The explicit terms of a statute cannot be ignored based on the facts of individual cases. Id. at 432. Although we are sympathetic to petitioner's arguments, we are bound by the Congressional prerequisites to entitlement set out in section 8342(c). Therefore, we conclude that receipt of the designation form by VAMC cannot be considered substantial compliance with the statute, nor can VAMC be considered the agent of OPM.
 
 III.
 
 8
 The burden of proving entitlement is on petitioner. Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140-41 (Fed.Cir.1986). Here, because petitioner has failed to establish the Trust as Rev. Meersman's properly designated beneficiary, no entitlement has been shown. On the undisputed facts here, we hold as a matter of law that the Trust was not designated as required by the statute.
 
 
 9
 We have considered petitioner's other arguments and find them to be unpersuasive.
 
 
 
 [1]
 Hulsart is binding precedent on this court. South Corp. v. United States, 690 F.2d 1368, 1370-71 (Fed.Cir.1982)