66 F.3d 346
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mark R. FARRIS, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 95-3485.
 United States Court of Appeals, Federal Circuit.
 Sept. 14, 1995.
Rehearing Denied Nov. 8, 1995.
 
 Before NEWMAN, RADER, and BRYSON, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 The Merit Systems Protection Board sustained the Internal Revenue Service's removal of Mr. Mark Farris for absences without leave (AWOL) and insubordination. Because substantial evidence supports the Board decision, this court affirms.
 
 
 2
 Effective June 17, 1994, the Department of Treasury, Internal Revenue Service removed Mr. Farris from his position as a Criminal Investigator on two grounds: (1) Mr. Farris' failure to follow his supervisor's instructions to provide medical evidence justifying his absences from work, and (2) Mr. Farris' absences during two separate periods.
 
 
 3
 The Administrative Judge relied on the testimony of several IRS employees, including Mr. Farris' immediate supervisor (Mr. Michael Hayward) and other inspectors, most of whom were either supervisors or peers of Mr. Hayward. The Administrative Judge found that the IRS had proven by a preponderance of the evidence the charges of AWOL and insubordination. The Board therefore sustained Mr. Farris' removal. Farris appealed to this court.
 
 
 4
 The undisputed evidence establishes that during 1993 and 1994, Mr. Farris was frequently absent from work and disobeyed Mr. Hayward's requests for documentation of a medical need for his absences. Due to Mr. Farris' refusal to provide medical verification for his absences, Mr. Hayward placed Mr. Farris on "sick-leave restriction." "Sick-leave restriction" requires medical verification for sick leave absence. Ultimately, after two extended periods of AWOL and a three-day suspension, the IRS removed Mr. Farris from his position.
 
 
 5
 The record also demonstrates that the Administrative Judge considered Mr. Farris' many years of service with the IRS and balanced this long service against Mr. Farris' refusal to come to work, disobedience, and past disciplinary record.
 
 
 6
 Under 5 U.S.C. Sec. 7703(c) (1995), this court may not set aside the MSPB's findings unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rules or regulations having been followed; or (3) unsupported by substantial evidence. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 7
 Mr. Farris contends the IRS removed him in retaliation for his "whistleblowing" activities. In support, Mr. Farris points to a number of alleged acts that he contends demonstrate this retaliation. Specifically, Mr. Farris alleges the IRS removed him instead of offering him a last-chance settlement agreement, as it did with another frequently absent employee. In addition, Mr. Farris alleges the IRS did not present all of his "revelations" regarding Mr. Hayward to the Inspector General.
 
 
 8
 The record demonstrates Mr. Farris' "whistleblowing" activities were not a contributing factor in his removal. The crux of the IRS' charges against Mr. Farris were based upon the undisputed facts that he was frequently absent from work and repeatedly failed to furnish acceptable medical verifications supporting his absences, despite Mr. Hayward's requests for such documentation. The medical verification regulation is a rule of general applicability. All employees are required to provide such proof. Thus, even if Mr. Farris' "whistleblowing allegation" was true, it still would not justify his refusal to come to work for months without any medical need or prior approval.
 
 
 9
 Mr. Farris presents no basis for this court to reverse the IRS' decision. The record in this case supports the conclusion that the decision of the MSPB was supported by substantial evidence, was not arbitrary, capricious, an abuse of discretion or otherwise contrary to law, and was correct in all procedural matters.