91 F.3d 167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Barbara J. Mc CLANAHAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3057.
 United States Court of Appeals, Federal Circuit.
 April 29, 1996.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Plaintiff Barbara J. McClanahan appeals the final decision of the Merit Systems Protection Board (Board) in Docket No. D-0831-95-0464-I-1, which denied her petition to set aside a decision of the Office of Personnel Management (OPM) that denied her request for survivor annuity benefits for her five minor children who were the dependent minor great-grandchildren of plaintiff's grandmother, the late Mrs. Janet Hermes, a former Federal employee. The Board held that the plaintiff was not entitled to receive survivor annuity benefits for her minor children because she could not meet the requirements of 5 U.S.C.A. § 8341(a)(4). We affirm.
 
 DISCUSSION
 
 2
 The facts are not in dispute. When Mrs. Hermes retired from her position in the Federal service on June 4, 1985, she did not elect a reduced annuity to provide for a survivor annuity, as she was a widow. The plaintiff and her five minor children lived with her. The plaintiff was her granddaughter, and the children were her great-grandchildren. Mrs. Hermes died on May 12, 1990, without having remarried. At the time of her death she was the legal guardian of the children and had previously instituted proceedings to adopt them, but the proceedings had not been finalized.
 
 
 3
 After the death of Mrs. Hermes, the plaintiff filed an application with OPM for survivor annuity benefits for the children based on Mrs. Hermes' previous Federal service. The application was denied by OPM on the ground that plaintiff had not and could not meet the requirements of 5 U.S.C.A. § 8341(a)(4), which required that in order for the children to be entitled to the requested survivor annuity, they must have either been adopted by Mrs. Hermes before her death, or living with her when the adoption proceedings were started and then finalized by a surviving spouse after her death. The only evidence offered by plaintiff to show that the children were entitled to the annuity was the 1989 Federal tax return of Mrs. Hermes in which she claimed the children as dependents. The Board held that the tax return did not prove the requirements of the statute because it is unnecessary to adopt greatgrandchildren in order to claim then as dependents for Federal tax purposes. The Board held that the plaintiff had not shown that her children were entitled to survivor benefits based on Mrs. Hermes' Federal service, and affirmed the decision of OPM, citing Cheeseman v. Office of Personnel Management, 791 F.2d 138 (Fed.Cir.1986).
 
 
 4
 Our review of a board decision is limited by statute. We may set aside the decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). We find no error in the decision of the Board, and it is affirmed.