**Edna R. DERRICK, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3205.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 13, 2001.

Before NEWMAN, CLEVENGER, and SCHALL, Circuit Judges.

PER CURIAM.

Edna R. Derrick seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") denying Ms. Derrick's request for survivor annuity benefits. *Derrick v. Office of Pers. Mgmt.*, Docket No. DA0831000237–I–1, 88 M.S.P.R. 304 (M.S.P.B. March 1, 2001). We *affirm*.

I

Ms. Derrick is the widow of George T. Derrick, a former government employee who retired from Federal service on June 30, 1991. At that time, Mr. and Ms. Derrick were not married. After they were married on September 28, 1993, the law permitted Mr. Derrick to make an irrevocable decision to reduce his annuity in order to provide a survivor annuity to his spouse. The law, however, expressly provides that such an irrevocable decision must be made in writing and be received by OPM within two years from the date of the marriage. *See* 5 U.S.C. § 8339(k)(2)(A). In Mr. Derrick's case, in order for his election to provide a survivor annuity to Ms. Derrick to be effective, he was required to notify OPM before September 29, 1995. In 1996, Mr. Derrick notified OPM that he wished to reduce his annuity to provide a survivor annuity to his wife. OPM in writing denied Mr. Derrick's request as untimely, citing the law that requires such requests to be made within two years of the marriage date.

After Mr. Derrick died, Ms. Derrick applied to OPM, seeking a survivor annuity. Because the record clearly showed that Mr. Derrick had not applied for such a survivor annuity within the statutorily mandated two-year time period, and because OPM pointed to evidence showing that Mr. Derrick had been notified two times in writing of the need for him to act within the two-year time period, OPM denied Ms. Derrick's request. On reconsideration, OPM again denied Ms. Derrick's request.

Ms. Derrick timely appealed to the Board, seeking to reverse the unfavorable decision of OPM. The administrative judge assigned to the case held a hearing at which OPM produced evidence that Mr. Derrick had been notified in writing twice after his marriage, in December of 1993 and 1994, of his need to make a timely decision to secure a survivor annuity for his wife. Ms. Derrick did not testify that Mr. Derrick had not received those notices from OPM. Because the law explicitly required Mr. Derrick to act before the two years lapsed, and because he had not done so, the administrative judge sustained the reconsideration decision of OPM. The Board rejected Ms. Derrick's petition for review of the initial decision of the administrative judge, and Ms. Derrick then timely sought review in this court.

II

We must affirm the final decision of the Board unless we conclude that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir. 1986). We have recently decided an appeal that presents facts nearly identical to those in this case. In *Schoemakers v. Office of Pers. Mgmt.*, 180 F.3d 1377 (Fed. Cir.1999), a retired government employee who retired unmarried but later married also failed to make an irrevocable election to provide a survivor annuity to his wife within the required two-year time period. We affirmed the decision of the Board denying that employee the right to provide the survivor annuity. In our decision, we noted our sympathy with the plight of the applicant, as we do in this case, but we were bound there, as we are here, to apply the law as written. As we said in *Schoemakers:*

> Neither courts nor administrative agencies, however, have the authority to waive requirements (including filing deadlines) that Congress has imposed as a condition to the payment of federal money.

*Id.* at 1382.

Because the Board in this case has correctly applied the law to sustain the reconsideration decision of OPM, we must affirm the Board's final decision.