NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3105

CORNELIO LAYAO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: November 7, 2006

_____

Before LOURIE, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

Cornelio Layao petitions for review of the final decision of the Merit Systems Protection Board (the "Board") affirming the decision of the Office of Personnel Management ("OPM") that denied his application for an annuity under the Civil Service Retirement System ("CSRS"). Layao v. Office of Pers. Mgmt., No. SE-0831-03-0362-I-1 (M.S.P.B. Jan. 7, 2005). Because substantial evidence supports the Board's determination that Layao was not entitled to the applied-for annuity, we affirm.

BACKGROUND

Layao began employment at the facilities of the U.S. Navy in Subic Bay, Republic of the Philippines, on September 19, 1945. On October 28, 1949, his employment was terminated through a reduction-in-force. On October 31, 1949, Layao received an

Excepted Temporary Intermittent Appointment, which was converted to an Excepted Temporary Indefinite Appointment on October 1, 1950. Layao was employed in that status until his resignation, effective January 12, 1965, and retirement deductions were withheld from Layao's pay during the period beginning November 12, 1950. On January 15, 1965, Layao submitted an Application for Refund of Retirement Deductions. In that application, Layao listed the beginning date for his "Period of Last Service" as October 31, 1949 and the ending date as January 12, 1965, and on February 18, 1965, a lump-sum refund in the amount of $1,681.90 was approved for payment.

On April 5, 2002, Layao applied to the OPM for a deferred annuity under the CSRS. OPM denied the application on the ground that, under 5 U.S.C. § 8342(a), his receipt of the lump-sum refund voided his rights to an annuity for the period of service covered by the lump-sum refund. Layao requested reconsideration, and OPM issued a reconsideration decision affirming its initial decision on the ground that Layao's receipt of the lump-sum refund voided all annuity rights that he had at the time of his January 12, 1965 separation.

Layao appealed OPM's decision to the Board. In an initial decision, the Administrative Judge ("AJ") affirmed OPM's decision. The AJ noted that the receipt of a refund of retirement contributions is governed by 5 U.S.C. § 8342(a), which provides that receipt of payment of a lump-sum credit voids all annuity rights based on the service to which the lump-sum relates. The AJ observed that Layao did not dispute that the refund forfeited his annuity entitlement for the period covered by the refund, but rather that his prior service from September 19, 1945 to November 11, 1950 was not included in the refund. The AJ noted that in his Application for Refund of Retirement

Deductions, Layao listed his "Period of Last Service" as beginning on October 31, 1949 and ending on January 12, 1965. The AJ also observed that Layao failed to list any other of his prior civilian service in the space provided. The AJ therefore determined that the period of service covered by the refund was from October 31, 1949 to January 12, 1965. The AJ also rejected Layao's claim that the period that was not covered by the refund extended to November 11, 1950.

The AJ then decided that even if it assumed that Layao's service from September 19, 1945 to October 31, 1949 was not included in the refund, that service alone was not sufficient to confer annuity rights. The AJ determined that that service totaled about 4 years and 1 month and fell short of the 5 year minimum civilian service required for conferring annuity rights under 5 U.S.C. § 8333(a).

The initial decision became the final decision of the Board. See 5 C.F.R. § 1201.113. Layao timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). The petitioner has the burden of proof of demonstrating entitlement to retirement benefits. Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 141 (Fed. Cir. 1986).

Layao argues that the Board erred in determining that the period of service for the lump-sum refund was from October 31, 1949 to January 12, 1965. According to Layao, the period of service was from November 12, 1950 to January 12, 1965 because the form that authorized his refund stated that the retirement deductions began on November 12, 1950. He thus argues, in effect, that the period from October 31, 1949 to November 11, 1950, was not covered by his refund. Because he completed more than five years of civilian service from September 19, 1945 to November 11, 1950, Layao claims that he is therefore entitled to an annuity. Layao finally claims that his employment prior to November 12, 1950 was not excluded from retirement coverage under Executive Order 9154, which was in effect at the time of his employment.

The government responds that the Board correctly held that Layao's application for, and receipt of, the lump-sum refund voided all annuity rights for the service covered by the refund, which was from October 31, 1949 to January 12, 1965. According to the government, even if it were assumed that Layao's prior service from September 19, 1945 to November 11, 1950 was not included in the refund, Layao still would not be entitled to an annuity for that prior service because it was not "covered" by the CSRS.

We agree with the government that substantial evidence supports the Board's determination that Layao was no longer entitled to an annuity under the CSRS. Under 5 U.S.C. § 8342(a), an employee who is separated from civilian service is entitled to be paid a lump-sum refund of his CSRS retirement deductions. The statute provides that the "receipt of the payment of the lump-sum credit by the employee or Member voids <u>all</u> annuity rights under this subchapter based on the service on which the lump-sum credit is based, until the employee or Member is reemployed in the service subject to this

subchapter." 5 U.S.C. § 8342(a) (emphasis added). As Layao was not reemployed by the federal government after his resignation on January 12, 1965, Layao's receipt of his lump-sum credit therefore voided all of his rights to an annuity for the period of service covered by the refund.

Layao argues that the period of service covered by the lump-sum refund began on November 12, 1950, instead of October 31, 1949. Accordingly, Layao contends that he is still entitled to an annuity for his prior service from September 19, 1945 to November 11, 1950. However, the Board found as a fact that the period of service covered by the refund was from October 31, 1949 to January 12, 1965, thereby voiding any annuity for the period beginning October 31, 1949. The Board based its finding on Layao's Application for Refund of Retirement Deductions, which listed the beginning date for his period of service as October 31, 1949 and the ending date as January 12, 1965. The record thus supports the Board's finding that the period of service covered by the refund was from October 31, 1949 to January 12, 1965. No annuity can then be payable for any of that period. We find no basis to disturb that finding.

The Board further concluded that even if it were assumed that Layao's prior service from September 19, 1945 to October 31, 1949 was not included in the refund, that service is not sufficient to confer annuity rights because it totaled less than five years. To be eligible for a civil service annuity, an applicant must demonstrate that he has completed "at least 5 years of civilian service before he is eligible for an annuity under this subchapter." 5 U.S.C. § 8333(a). The period of service from September 19, 1945 to October 31, 1949 does not meet the minimum requirement of five years, and thus Layao is not entitled to an annuity for that period.

Because substantial evidence supports the Board's conclusion that the lump-sum refund voided his rights to an annuity, we affirm. In addition, because we affirm the Board's finding that the period of service included in the lump-sum refund was from October 31, 1949 to January 12, 1965, we do not address Layao's argument concerning whether any overlapping period of service from September 19, 1945 until November 11, 1950 was "covered" under the Retirement Act in effect at that time.