NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3190

JANET BROWN,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED: November 9, 2006

_____

Before LOURIE, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

Petitioner Janet Brown seeks review of a final decision by the Merit Systems Protection Board (MSPB). Brown v. Dep't of Defense, No. DC-0752-05-0487-I-1 (MSPB Feb. 10, 2006). The MSPB affirmed Brown's removal from employment as a Sales Store Checker, GS-3. Because the MSPB did not abuse its discretion and the decision is in accordance with law, we affirm.

BACKGROUND

Janet Brown worked as a Sales Store Checker, GS-3, at the Fort Eustis Commissary. She had a documented history of disruptive misconduct at work. In part due to her history of misconduct, she was removed after four specific incidents occurring in 2004 and 2005. These were incidents of: 1) disruptive, disrespectful, and threatening conduct toward supervisors; 2) disruptive and disrespectful conduct toward another employee; 3) delay in carrying out the orders of a supervisor; and 4) delay in carrying out a work assignment.

At trial, the agency presented documentary evidence and several witnesses to the incidents. As to the first incident, the agency presented two contemporaneous written records and the testimonies of two supervisors (Ms. Thompson and Ms. Shabbott). As to the second incident, the agency presented a contemporaneous written record and the testimonies of a coworker and a supervisor (Ms. Campbell and Ms. Thompson). As to the third incident, the agency presented a contemporaneous written record and the testimonies of two supervisors (Ms. Shabbott and Mr. Baldwin). As to the fourth incident, the agency presented the testimony of a coworker (Ms. Campbell). The agency's witnesses and written evidence all supported the allegations against Ms. Brown.

The agency also presented the testimony of Stephen Villeneuve, the Store Director, who made the decision to remove Ms. Brown. In addition to the four incidents listed above, Mr. Villeneuve also considered two suspensions in Ms. Brown's personnel file, both for disruptive misconduct more than two years before. Ms. Brown alleges that this was a violation of her collective bargaining agreement. Mr. Villeneuve testified,

however, that he still would have removed Ms. Brown even without knowing about her prior misconduct.

Ms. Brown denied that the four incidents occurred as portrayed by the agency. Ms. Brown's testimony differed substantially from that of the agency's witnesses. To support her position, Ms. Brown offered a notarized letter from an alleged witness to one incident, but this letter was accorded little weight because Ms. Brown refused to identify the witness or produce the witness for cross-examination.

After considering the written records and conflicting testimony, the Administrative Judge (AJ) found that a preponderance of the evidence supported Ms. Brown's removal based on at least the first three incidents. In doing so, the AJ determined that the agency's witnesses were more credible than Ms. Brown. The AJ also determined, based on Mr. Villeneuve's testimony, that preponderant evidence supported Ms. Brown's removal even without considering her history of prior misconduct. Accordingly, the AJ affirmed Ms. Brown's removal.

The Board denied Ms. Brown's petition for review, thereby making the AJ's decision final. We have jurisdiction to hear Ms. Brown's appeal under 5 U.S.C. § 7703.

DISCUSSION

This Court may only set aside an MSPB decision if it is: 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); see Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

Credibility determinations, in particular, are within the trial judge's discretion and are "virtually unreviewable" on appeal. E.g., Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004). Contemporaneous written records and the testimony of multiple witnesses support the agency's position, notwithstanding Ms. Brown's submitted testimony to the contrary. Therefore, substantial evidence supports the AJ's findings.

The AJ did not abuse her discretion in according little weight to the notarized letter from the alleged witness, given that Ms. Brown refused to identify or produce the witness for cross-examination. Ms. Brown argues that the notary who notarized the letter should have been allowed to testify in lieu of the witness. Such evidentiary decisions fall within the sound discretion of the MSPB. Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988). This Court will not overturn the Board on such matters unless an abuse of discretion is clear and harmful. Id. If an abuse of discretion did occur, in order for Ms. Brown to prevail on these issues she must prove that the error caused substantial harm or prejudice to her rights which could have affected the outcome of the case. Cornelius v. Nutt, 472 U.S. 648, 657-59 (1985); Curtin, 846 F.2d at 1379.

In this case, the notary would only have provided an attestation to the signature and not to any of the facts contained in the letter. Any testimony to the facts would be hearsay. Accordingly, the AJ did not err by refusing to allow the notary to testify. Cf. Fed. R. Evid. 602 advisory committee's note (longstanding rule requiring witness to have personal knowledge of a matter and preventing witness without personal knowledge "from testifying to the subject matter of the hearsay statement").

Ms. Brown's principal argument is that Mr. Villenueve improperly considered her history of disruptive misconduct when he decided to remove her. Specifically, her collective bargaining agreement provides:

> The period of consideration for formal disciplinary offenses is normally two (2) years. In the absence of a repeat offense, the entries on the SF-7B and/or records (except Standard Form 50s [SF-50] ) will be deleted after two years.

It is undisputed that Ms. Brown's prior misconduct occurred more than two years before the incidents discussed above.

Ms. Brown first argues that records of her prior misconduct should have been deleted from her file. Her suspensions, however, were recorded on SF-50 forms, which were specifically excepted from deletion.

Ms. Brown next argues that there were no unusual circumstances here that warranted consideration of older disciplinary actions. Mr. Villeneuve testified, however, that by repeating her disrespectful and disruptive conduct, Ms. Brown posed an unusual risk to the agency's operations and reputation. He noted that cashiers are "in a position of trust" and a "position of customer service." He also asserted that the cashiers are the last contact that a customer has before exiting his store, and that contact is what the customers remember. Mr. Villeneuve had no confidence in Ms. Brown's ability to change her behavior because she had been repeatedly disciplined and notified of her misconduct. For her part, Ms. Brown did not show any regret or remorse for her conduct. Moreover, the provision stating that the "period of consideration for formal disciplinary offenses is normally two (2) years" is discretionary and does not require an agency to disregard offenses outside of that time period. Substantial evidence therefore supports the agency's position.

Furthermore, Mr. Villeneuve testified that he would have removed Ms. Brown even without knowing about her prior misconduct. The AJ considered this testimony credible, noting that Ms. Brown's misconduct in the more recent incidents was "serious, intentional and repeated [and] went to the core of her job duties as a cashier providing customer service to the public." Thus, assuming arguendo that Mr. Villeneuve improperly considered Ms. Brown's past misconduct, this would not have been harmful error because he would have removed her anyway. See Deutsch v. U.S. Postal Serv., 39 M.S.P.R. 386, 390 (1989) (affirming removal despite improper consideration of past disciplinary record because current offense warranted penalty).

## CONCLUSION

The MSPB's decision is supported by substantial evidence. The credibility determinations made by the AJ are "virtually unreviewable" on appeal. There is no reversible legal error. Accordingly, we affirm.

No costs.