NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3089

JANET K. HUFENBACH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Janet K. Hufenbach, of Rocky River, Ohio, pro se.

Ward P. Griffin, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Calvin M. Morrow, Acting Associate General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3089

JANET K. HUFENBACH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  August 10, 2007

_____

Before NEWMAN, LOURIE, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Janet K. Hufenbach, pro se, appeals a decision of the Merit Systems Protection Board that dismissed, at her request, her appeal of a decision of the Office of Personnel Management that held that her request for disability retirement was untimely filed.  Hufenbach v. Office of Pers. Mgmt., No. CH844E060656-I-1 (M.S.P.B. Nov. 20, 2006).  Because we discern no legal or procedural error, we affirm the Board's decision.

BACKGROUND

Ms. Hufenbach was employed by the Defense Logistics Agency. She developed the debilitating disease of multiple sclerosis, and because of her medical condition, on March 1, 1999 Ms. Hufenbach accepted the agency's offer of "Voluntary Separation Incentive Pay." She had 19 l/2 years of federal service. She states that she was incorrectly counseled, and that she erred in choosing this procedure instead of seeking disability retirement. On August 16, 2005 she applied to OPM, asking to change the conditions of her separation and requesting a disability annuity.

OPM ruled that her disability retirement application was not timely filed, and that she did not meet the criteria for waiver. The controlling statute, 5 U.S.C. §8453, provides:

> A claim may be allowed under this subchapter only if application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who, at the date of separation from service or within 1 year thereafter, is mentally incompetent if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.

OPM explained that while it accepted that multiple sclerosis resulted in physical disability, Ms. Hufenbach was not mentally incompetent, and that no ground of waiver had been shown. Ms. Hufenbach appealed to the Board.

During a telephonic status conference, Ms. Hufenbach told the Administrative Judge that she wanted to withdraw the appeal. The AJ explained that withdrawal of an appeal must be in writing. The same day Ms. Hufenbach sent, by fax, a letter stating: "As agreed, I am withdrawing my Reconsideration for Disability Retirement Appeal." The AJ then dismissed the appeal; the dismissal letter included the standard instructions on how to seek review from the full Board from an AJ decision with which the petitioner is dissatisfied. Ms.

Hufenbach filed a petition for review by the full Board, arguing the merits of her request for disability retirement. She did not mention the withdrawal of her appeal. The full Board denied her petition for review because she had presented "no new, previously unavailable, evidence." This appeal followed.

## DISCUSSION

A decision of the Board must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. §7703(c) (2000); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

It is uncontroverted that Ms. Hufenbach withdrew, in writing, her pending Board appeal. In Brown v. Dep't of the Navy, 71 M.S.P.R. 451 (1996) the Board explained:

> Generally, an employee's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction, and . . . the Board will not reinstate an appeal once it has been withdrawn in the absence of unusual circumstances such as misinformation or new and material evidence.

Id. at 453-54. Ms. Hufenbach directs us to no unusual circumstances. In her appeal to this court she does not mention the withdrawal of the appeal that was before the AJ. She argues the merits of her claim for disability retirement.

The Board has explained that the voluntary withdrawal of an appeal, since an act of finality, "must be clear, unequivocal, and decisive." Bass v. United States Postal Serv., 96 M.S.P.R. 683, 685 (2004); Soto v. Dep't of Justice, 95 M.S.P.R. 552, ¶5 (2004). Ms. Hufenbach's written withdrawal clearly expressing her intent met these criteria. She does not state that she was misinformed as to the withdrawal; to the contrary, she was told that

oral withdrawal would not suffice.  In view of her voluntary action, taken in writing, the dismissal of the appeal must be sustained.

No costs.