Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3219

ROSE CARACCIOLO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Rose Caracciolo, of Lindenhurst, New York, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.  Of counsel was Jo Ann Chabot, Office of Personnel Management, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3219

ROSE CARACCIOLO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: December 21, 2007

_____

Before NEWMAN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Petitioner Rose Caracciolo, appearing pro se, appeals a decision of the Merit Systems Protection Board affirming the decision of the Office of Personnel Management concerning her retirement annuity. Caracciolo v. Office of Personnel Management, Docket No. NY0831050190-I-3 (MSPB August 31, 2006). We affirm.

BACKGROUND

Ms. Caracciolo's employment at the Internal Revenue Service began in 1973. Her pay status ended on October 27, 1994, and between October 28, 1994 and April 27, 1996 she received workers' compensation payments. Starting April 28, 1996 she received monthly disability annuity payments. She was finally terminated from employment on January 4, 1997, based on disability. On April 30, 1997, OPM sent a letter to Ms. Caracciolo informing her that it had overpaid her disability annuity by $2,640, and stating that the overpayment would be recovered by OPM. Ms. Caracciolo requested reconsideration. In its reconsideration decision, OPM affirmed the overpayment.

Ms. Caracciolo appealed to the Merit Systems Protection Board, but later withdrew the appeal due to injury; she refiled after recovering. On appeal, the administrative judge affirmed OPM's reconsideration decision without a hearing. Ms. Caracciolo requested review from the full Board, which vacated the AJ's ruling and remanded for a hearing on the merits. Before the hearing on the merits, Ms. Caracciolo became ill and the case was dismissed without prejudice. Ms. Caracciolo later refiled the appeal, but the AJ dismissed the appeal as having been withdrawn. On petition for review, the full Board vacated the dismissal and remanded to the AJ, who reinstated the appeal. During the pendency of that appeal, OPM rescinded its original reconsideration decision upon evidence provided by Ms. Caracciolo, and stated that it would recalculate her annuity. Based on OPM's rescission, the AJ dismissed the appeal and the full Board denied review. On October 29, 2001 OPM wrote to Ms. Caracciolo, having recalculated her retirement date as October 28, 1994, with annuity payments beginning April 28, 1996 as previously calculated. On this recalculation,

OPM acknowledged error in the prior overpayment notice for $2,640. OPM stated that there had been an overpayment of only $131.70, and waived recovery of the overpayment.

On September 10, 2004, in reply to a request filed by Ms. Caracciolo on April 2, 2004, OPM issued a formal decision confirming that Ms. Caracciolo's correct annuity calculation date was October 28, 1994, and that she did not receive an overpayment of $2,640. Ms. Caracciolo filed an appeal challenging the recalculation, but was granted dismissal to allow her to recover from an injury. She refiled the appeal in February 2006. The AJ then affirmed OPM's decision, explaining that the monthly annuity as calculated based on cessation of pay in October 1994 was $959.00, but based on Ms. Caracciolo's proposed date of January 4, 1997 would be $954.00. The AJ explained that the calculation based on Ms. Caracciolo's proposed date was the source of the originally assessed overpayment of $2,640.00. The full Board denied further review. Ms. Caracciolo appeals.

## DISCUSSION

We review a decision of the Board to determine if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. §7703(c); Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

On appeal, Ms. Caracciolo requests calculation of her annuity based on her final separation date of January 4, 1997 instead of the October 27, 2004 pay-cease date. Ms. Caracciolo points out that under 5 C.F.R. §831.701(b), annuity benefits for an employee who retires due to disability shall commence either on the day after separation from service or the day after pay ceases, whichever is more favorable to the employee. The AJ held that OPM had correctly interpreted the statute, had properly calculated Ms. Caracciolo's

2007-3219                                           3

annuity based upon both the date pay ceased and the date of separation, and then adopted the calculation that not only granted her a higher monthly payment but also a lower overpayment (which OPM waived).

Ms. Caracciolo also argues that OPM erred in not awarding full time service credit for the period during which she was a WAE ("while actually employed") employee. In <u>Bain v. Office of Personnel Management</u>, 978 F.2d 1227 (Fed. Cir. 1992) this court upheld the calculation of service credit for WAE employees by counting only the time actually employed. The AJ determined that OPM made the correct calculation; we discern no error in this ruling, which is in accordance with statute and precedent.

Ms. Caracciolo asks that OPM return the sum of $2,251 that she asserts was withheld from annuity payments based on OPM's initial notice that she had been overpaid by $2,640. OPM firmly states that no amount was withheld from her annuity payments. Ms. Caracciolo has provided no evidence to contravene OPM's statement. On the record presented, Ms. Caracciolo did not substantiate her claim that OPM withheld funds to satisfy its initial incorrect assessment.

On this appeal, each party shall bear its costs.