NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3008

FELICITAS GUERRERO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Felicitas Guerrero, of San Juan, San Narciso, Philippines, pro se.

Raymond W. Angelo, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel; and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3008

FELICITAS GUERRERO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831070074-I-1.

_____

DECIDED:  June 24, 2008

_____

Before MICHEL, Chief Judge, and NEWMAN, and LINN,  Circuit Judges.

NEWMAN, Circuit Judge.

Mrs. Felicitas Guerrero seeks review of the decision of the Merit Systems Protection Board, dismissing her survivor annuity claim under the Civil Service Retirement Act ("CSRA") as untimely filed.  Guerrero v. Office of Personnel Mgmt., SF-0831-07-0074-I-1 (M.S.P.B. July 13, 2007).  Mrs. Guerrero states that the Board overlooked certain factual and evidentiary issues, and that her appeal was timely filed. On review of the issues and arguments, we affirm the Board's decision.

BACKGROUND

Mrs. Guerrero's deceased spouse Mr. Guillermo Guerrero was employed as Maintenance Foreman I by the United States Navy at Subic Bay, Philippines until his death on May 4, 1991. On May 21, 1997 Mrs. Guerrero applied for survivor annuity benefits based on her late husband's employment. The Office of Personnel Management denied her claim on March 27, 1998 because the agency was "unable to locate any service with the Federal government which was subject to [retirement] deductions." On April 20, 1998 Mrs. Guerrero wrote to OPM for "a formal decision be made so I could exercise my right to reconsideration of your informal decision." On June 24, 1998 OPM affirmed its decision that Mrs. Guerrero was "not entitled to a survivor annuity based on Mr. Guerrero's death in service" because her deceased spouse "never served in a position subject to the Civil Service Retirement Act."

Approximately eight years later, on July 19, 2006, Mrs. Guerrero wrote to OPM "applying for making deposit to Civil Service Retirement and Disability Fund." She argued that she was "entitled to making deposit to the CSRA" because her "late spouse's excepted appointment (indefinite) on 9-15-58 . . . is now covered under the CSRA." By letter dated September 21, 2006 OPM declined to consider Mrs. Guerrero's application, and explained:

> Our records indicate that your Application for Death Benefits was disallowed on 03-27-98. On 04-20-98, you asked for and were given the right of reconsideration. On 06-24-98, the Reconsideration Staff affirmed the decision of disallowance and you were advised of your right to appeal to the Merit Systems Protection Board.
>
> The service was not subject to retirement deductions and was not creditable under Federal law. Therefore, it is not possible for you to apply to deposit or reopen your claim since there has been no change in the law, which would allow you to qualify for a pension. Please understand [sic] accept this decision, which is final and will not be changed in the future.

Accordingly, this office will not consider your case again. Any further request for review must be addressed to the Merit Systems Protection Board.

On October 18, 2006 Mrs. Guerrero filed an appeal to the MSPB, stating that she was appealing OPM's September 21, 2006 decision. On November 13, 2006 OPM moved to dismiss Mrs. Guerrero's appeal on the ground that the appeal was untimely filed because the agency issued the final decision denying her application on June 24, 1998. On November 20, 2006 the Administrative Judge ordered Mrs. Guerrero to file evidence and/or argument showing that her appeal was filed on time or that good cause existed for any delay in filing. Upon considering Mrs. Guerrero's argument that OPM's September 21, 2006 letter is a reconsideration decision entitling her to a new appeal, the AJ issued an initial decision on February 2, 2007 dismissing her appeal for untimeliness, stating that "OPM's June 24, 1998 reconsideration decision is the only reconsideration decision in the record in this appeal." The AJ also found that Mrs. Guerrero did not submit any evidence or argument showing good cause for the eight-year delay in filing her appeal. The full Board denied review, and this appeal followed.

## DISCUSSION

A decision of the Board is reviewed to determine whether it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. §7703(c); see Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

The Board's regulations require that "an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. §1201.22(b)(1).

"If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. §1201.22(c).

Mrs. Guerrero argues that her appeal filed on October 18, 2006 was timely. She does not dispute that her prior application dated May 21, 1997 "for survivor's annuity" under CSRA was denied by the OPM on March 27, 1998 and that the denial was affirmed on June 24, 1998. However, Mrs. Guerrero argues that her July 19, 2006 letter was a new and separate application "for making a deposit to the [Civil Service Retirement and Disability] Fund based on her spouse creditable service under the CSRA" and that OPM's September 21, 2006 letter constituted a new denial of that application on the merits. Mrs. Guerrero states that she is appealing the OPM's new decision of September 21, 2006.

The government responds that Mrs. Guerrero's July 19, 2006 application for survivor benefits under the CSRA is the same as her prior application in 1997, which was denied by OPM in 1998. The government states that the Board correctly interpreted the September 21, 2006 letter as a mere reminder of OPM's prior final decision in 1998, and did not constitute a new appealable decision.

The Board noted that in her July 19, 2006 letter, Mrs. Guerrero applied for "making deposit to Civil Service Retirement and Disability Fund" because her "late spouse's excepted appointment . . . is now covered under the CSRA." The Board observed that OPM had denied Mrs. Guerrero's request for a survivor annuity under the CSRA on June 24, 1998 because her deceased spouse "never served in a position subject to the Civil Service Retirement Act," and that OPM's September 21, 2006 letter did not constitute a new decision based on the merits. We discern no reversible error in the Board's findings

and rulings. Mrs. Guerrero filed her appeal of OPM's final decision approximately eight years after the decision. Mrs. Guerrero does not argue that good cause existed for such a delay. The dismissal must be affirmed.

No costs.