**Margaret A. CHEESEMAN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**Appeal No. 84–1675.**

United States Court of Appeals, Federal Circuit.

May 1, 1986.

Edith U. Fierst, Washington, D.C., argued, for petitioner. With her on brief, was Joseph F. Henderson, Staff Atty., American Federation of Government Employees, AFL–CIO.

Mary Mitchelson, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With her on brief, were Richard K. Willard, Acting Asst. Atty. Gen., and David M. Cohen, Director. Joseph A. Morris, General Counsel, Thomas F. Moyer, Asst. General Counsel and Earl A. Sanders, Office of General Counsel, Office of Personnel Management, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, BISSELL, Circuit Judge, and RE, Chief Judge.*

BISSELL, Circuit Judge.

This is an appeal from a final decision of the Merit Systems Protection Board

* The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

(Board), Docket No. PH08318310675, 21 MSPR 118.

The issue decided on this appeal is whether the Board erred in placing on the applicant for survivor benefits the burden of proving that misinformation in the retirement application, form SF–2801, caused the election of an annuity with no survivor benefit. We do not find error and affirm the Board.

## BACKGROUND

The federal civil service retirement system has long provided a retiring employee with the option of providing a survivor's annuity for the employee's spouse. Prior to November 1, 1974, retiring employees could not change their election once made. In 1974, the retirement laws were amended to permit an annuity to be recomputed should the retiree outlive the spouse, or should the marriage be dissolved by divorce or annulment. 5 U.S.C. § 8339. However, the application for retirement, form SF–2801, was not amended to reflect the change in the law for several years. In 1981 and 1982, law suits were filed against the Office of Personnel Management (OPM) seeking to require OPM to change the SF–2801 and to allow the option of a change in election for those who had retired subsequent to November 1, 1974. *See American Federation of Government Employees v. Devine*, No. 81–2527 (D.D.C. April 16, 1982) (*Devine I* ); *American Federation of Government Employees v. Devine*, No. 82–3391 (D.D.C. March 8, 1983) (*Devine II* ). As a result of settlements in *Devine I & II*, the SF–2801 was corrected and the parties agreed that OPM would send notices to persons who retired subsequent to November 1, 1974, and who elected to provide no survivor annuity or only a partial one. OPM was also to invite such persons to apply for a change in benefits. *Devine I. Devine II* is the result of a second suit which alleged that OPM denied applications for change in bad faith. The settlement in *Devine II* required OPM to set certain parameters on its reconsideration process. OPM would specify the

grounds for all denials and it would revise all issued denials to comply with the terms of the settlement.

Petitioner represents a class of similarly situated spouses whose applications to change the election were denied by OPM and denial was affirmed on reconsideration. *See* 5 C.F.R. § 1201.27(a), (c) (1981). Petitioner is the widow of a Federal employee who retired in 1978 after electing not to provide a survivor annuity for her. He died in 1981. Each member of the Cheeseman class of spouses failed to show that the decedent's decision not to elect a survivor annuity upon retirement was caused by the misinformation dispensed by the government. These spouses, like the government, cannot prove how the decision not to elect was made. The retiring employee did not share all of his reasoning when the type of annuity was chosen and is now silenced by death.

Petitioner's *Devine I* application for a survivor annuity was rejected by OPM on the ground she had not met her burden of proof showing that her husband was influenced in his election by the misinformation on the SF–2801. When asked to explain why her husband had not provided a survivor annuity for her, petitioner wrote: "Unknown, he did not discuss this with me." Petitioner appealed to the Board. The presiding official affirmed OPM's position that the burden of proof was properly on the applicant for entitlement to a survivor annuity and that petitioner had not met the burden. The full Board affirmed presiding official's decision.

## OPINION

This court has jurisdiction to review Board decisions in civil service retirement appeals under 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9). *Lindahl v. Office of Personnel Management*, —— U.S. ——, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) (*Lindahl I* ) (concerning voluntary disability annuity benefits and involved questions of disability and dependency under 5 U.S.C. § 8347(c)); *Yarbrough v. Office of Personnel Management*, 770 F.2d 1056, 1059

(Fed.Cir.1985) ("our jurisdiction embraces appeals from MSPB decisions whose jurisdiction is founded upon 5 U.S.C. § 8347(d)."); *Bronger v. Office of Personnel Management,* 740 F.2d 1552 (Fed.Cir. 1984) (concerning voluntary nondisability retirement annuity benefits), *rev'd. on the merits,* 769 F.2d 756 (Fed.Cir.1985) (in banc), *cert. denied,* — U.S. ——, 106 S.Ct. 882, 88 L.Ed.2d 918 (1986).[1] We review nondisability decisions of the Board under section 7703(c) of Title 5 which provides that the Board's decisions will be affirmed unless they were:

   (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

   (2) obtained without procedures required by law, rule or regulation having been followed; or

   (3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (1982); *Frantz v. Office of Personnel Management,* 778 F.2d 783 (Fed.Cir.1985); *compare Lindahl I,* 105 S.Ct. at 1633–35 (section 8347(c) precludes judicial review of OPM's factual determinations of disability and dependency; however, questions of law and procedure are reviewed under the *Scroggins* rule, *Scroggins v. United States,* 184 Ct.Cl. 530, 397 F.2d 295, 297 (en banc), *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968)).

To reverse the Board in this case, petitioner must convince this court that by placing the burden of proof on the applicant for benefits, the Board acted arbitrarily, capriciously, outside the law, or abused its discretion.

Review of Chapters 77 and 83 of Title 5 of the United States Code fails to reveal a statutory placement of the burden of proof in this case. The basic source of the Board's authority in this general area lies in 5 U.S.C. § 8347(d)(1), which provides that such retirement matters "may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." *Lindahl v. Office of Personnel Management,* 776 F.2d 276, 278 (Fed.Cir. 1985) (*Lindahl II*). In *Lindahl II,* this court ruled that the Board, acting under the authority of § 8347(d)(1), can prescribe its own procedures. Here, as in *Lindahl II,* the Board has placed the burden of proof on the applicant for the annuity.[2]

Absent an indication from Congress and absent a violation of a constitutional right, we review the proceedings to decide a question of policy and fairness based on judicial experience. We begin by reviewing the basic tenets of the law of evidence which places the burden of proof on the party:

   (1) asserting the affirmative of a proposition,

   (2) to whose case the fact is essential, or

   (3) who is in a position to have peculiar knowledge of the facts with regard to an issue.

9 Wigmore on Evidence, § 2486 (Chadbourn rev. 1981).[3]

---

**1.** This line of cases overrules the holding in *Gilman v. Office of Personnel Management,* 743 F.2d 881 (Fed.Cir.1984), which held that this court lacks jurisdiction over an appeal by a widow for survivor benefits.

**2.** Our decision in *Simmons v. Merit Systems Protection Board,* 768 F.2d 323 (Fed.Cir.1985) is not authority for placing the burden of proof on OPM pursuant to § 7701. *Simmons* is limited to holding that the Board has authority under 5 U.S.C. § 7701(g) to award attorney fees to an employee prevailing on a claim for disability retirement.

**3.** *Cf. Boone v. Lighther,* 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1942) (In resolving the application of § 201 of the Soldiers' and Sailors' Civil Relief Act of 1940 (Act) concerning whether a captain in the Army bore the burden of proving that the conditions for a continuance provided for by the Act were met, the Court stated that "[t]he Act makes no express provision as to who must carry the burden.... We, too, refrain from declaring any rigid doctrine of burden of proof in this matter, believing that courts called upon to use discretion will usually have enough sound sense to know from what direction their information should be expected to come.") *Id.* at 569, 63 S.Ct. at 1228–29; *Lavine v. Milne,* 424 U.S. 577, 96 S.Ct. 1010, 47 L.Ed.2d 249 (1976) (The New York welfare statute having a "rebuttable presumption" provision with the sole purpose of placing the burden of proving eligibility on the applicant for benefits did not deny due process of law under the Fourteenth Amendment. The Court com-

While neither party is now in a position to possess the peculiar facts surrounding the annuity election, it is petitioner who is asserting the affirmative on this issue and to whose case the missing facts are essential. This is exactly the state of affairs recognized by the district court judge in *Devine II* in denying the plaintiffs' motion for an order restraining OPM from denying a change in the survivor annuity coverage. Instead, *Devine II* provided that:

1) The Office of Personnel Management will not base any denials of applications to amend the survivor annuity election on a general statement in the retirement file that the individual had been informed of his or her rights concerning survivor annuities. Such a statement will form a basis for denial of the application to amend only if the statement specifically incorporates the correct information concerning the rights to receive a "life-only" annuity during periods in which the retiree was unmarried, and the appropriate information concerning rights of a subsequent spouse to a survivor annuity.

2) Each case in which an individual filed an application to amend will be examined to determine whether the application should be granted or denied. In each case, the Office of Personnel Management will take care that all of the criteria which might result in the denial of an application have been considered before a decision is issued.

3) A decision letter will be issued in each case. If the initial decision is to deny the application, the decision letter will state specifically all grounds for denial of the application, if more than one basis for denial exists in a particular case. If documents or correspondence form the basis for a denial, copies of the relevant documents or correspondence will be attached. The decision letter will also inform the recipient of the right to request reconsideration on all grounds for denial.

4) Any existing initial decisions in conflict with the statements set forth in this letter will be revised to conform with OPM's position as set forth above (footnote omitted).

■ Petitioner further argues that the government should be estopped from placing the burden of proof on the spouses because this dispute would not exist but for the government's malfeasance. This estoppel position is alluring, but not sufficiently so to be winning. The perplexing situation caused by these particular facts is that, like the spouses' inability to prove the affirmative, the government cannot prove the negative. The keeper of the facts is silent.

■ We hold that the Board has not acted arbitrarily, capriciously, outside the law, or abused its discretion in placing the burden of proving entitlement on the applicant for benefits. *See, e.g., Frantz v. Office of Personnel Management*, 778 F.2d 783 (Fed.Cir.1985) (petitioner bore the burden of proving her confusion at the time of the annuity election and that her confusion was reasonable under the circumstances); *accord Lindahl II* (voluntary applicant for disability retirement bore burden of proving entitlement); *Gratehouse v. United States*, 206 Ct.Cl. 288, 512 F.2d 1104 (1975) (government employee who resigned had burden of proving that his resignation was not voluntary). The Board has not unlawfully shifted the burden as petitioner contends. Rather, the burden was initially and remained with the applicant to prove entitlement to the benefits.

We express our sympathy to these spouses who now find themselves in a very unfortunate set of circumstances. Notwithstanding, "it is the judiciary's role to interpret statutes as written...." *Darsigny v. Office of Personnel Management*, 787 F.2d 1555, 1558 (Fed.Cir.1986). Should Congress see an injustice in this application of the statute it knows how to remedy the situa-

mented, "[t]he provision carries with it no procedural consequence; it shifts to the applicant neither the burden of going forward nor the

burden of proof, for he appears to carry the burden from the outset.") *Id.* at 584, 96 S.Ct. at 1015.

tion. *See Denkler v. United States,* 782 F.2d 1003, 1008 (Fed.Cir.1986).

■ Our attention now turns to the question of whether the Board erred in its determination that petitioner failed to carry her burden; we answer that it has not. Here, the Board reviewed applicant's evidence and determined that this evidence is insufficient to prove that her husband was influenced by the misinformation on the SF–2801. The record contains substantial evidence to support this determination. 5 U.S.C. § 7703(c)(3). Therefore, we affirm.

AFFIRMED.