829 F.2d 43
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James D. MCGRATH, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3167.
 United States Court of Appeals, Federal Circuit.
 Aug. 21, 1987.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and NIES, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), 32 M.S.P.R. 235 (1987), sustaining Office of Personnel Management's (OPM's) reconsideration decision that James D. McGrath (McGrath) is not eligible for a Civil Service Retirement annuity, is affirmed.
 
 OPINION
 
 2
 If the board erred in refusing to consider the Social Security printout submitted with his petition for review, McGrath has not shown how that error substantially prejudiced his rights by possibly affecting the board's decision. See Cornelius v. Nutt, 472 U.S. 648, 657-59 (1985); Smith v. United States Postal Service, 789 F.2d 1540, 1545-46 (Fed.Cir.1986). The printout shows at most six months of service with the Naval Ships Service Department. If those six months were added to his undisputed four years, four months, and one day of creditable service, McGrath would still have insufficient civilian service to qualify for a deferred annuity.
 
 
 3
 The board properly determined that McGrath's World War II military service could not be credited as civilian service under the military furlough provisions of 5 U.S.C. Sec. 8332(g) because he failed to establish that his position at the Department of Agriculture was covered under the Civil Service Retirement System.
 
 
 4
 In any event, McGrath could take advantage of 5 U.S.C. Sec. 8332(g) only if military service had left him so disabled or otherwise incapacitated that he was unable to return to civilian Government service. Bailey v. United States, 511 F.2d 540, 548 (Ct.Cl.1975). McGrath acknowledges that he was not so disabled.
 
 
 5
 We affirm the board's decision because we do not find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986); 5 U.S.C. Sec. 7703(c) (1982).