949 F.2d 404
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernesto B. EDIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3263.
 United States Court of Appeals, Federal Circuit.
 Oct. 18, 1991.
 
 Before PLAGER, CLEVENGER and RADER, Circuit Judges.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Ernesto B. Edis, a citizen of the Philippines, seeks review of the February 15, 1990 Order of the Merit Systems Protection Board, SE08319010420. The Board sustained the Office of Personnel Management's decision denying his application for an annuity under the Civil Service Retirement Act (CSRA). This court affirms.
 
 DISCUSSION
 
 2
 To receive a CSRA annuity, Mr. Edis must prove that he has at least 5 years of creditable civilian service and that one of the last 2 years of service prior to separation was in a position covered by the CSRA. 5 U.S.C. § 8333(a) and (b) (1982).
 
 
 3
 Mr. Edis bears the burden of producing evidence to support his annuity claim. Cheeseman v. Office of Personal Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Mr. Edis must not only prove that he worked the requisite number of years, but also that the work he performed was of the type that would entitle him to CSRA benefits. Mr. Edis has produced no such evidence. The Office of Personnel Management requested Mr. Edis' personnel folder from the General Services Administration's National Personnel Records Center (NPRC). The NPRC was unable to locate any record of employment that would qualify Mr. Edis for CSRA benefits. Moreover, Mr. Edis conceded that retirement deductions were never taken from his pay. Nothing in Mr. Edis' brief, or the record, suggests that Mr. Edis performed services that would qualify him for CSRA benefits. Therefore, this court concludes that the Board's findings were supported by substantial evidence and affirms.