956 F.2d 1172
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eugenio C. SABADO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3410.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1992.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Eugenio C. Sabado appeals the initial decision of the administrative judge, which became final on May 16, 1991, when the Merit Systems Protection Board (Board) denied review, Docket No. SE08319010580, sustaining the determination of the Office of Personnel Management that petitioner is not entitled to an annuity under the Civil Service Retirement Act (CSRA). Because petitioner did not establish that he had five years of creditable civilian service, we affirm.
 
 DISCUSSION
 
 2
 In order to be entitled to a deferred annuity under the CSRA, a former government employee must have completed five years of creditable civilian service ending with at least one of the last two years in a position that the CSRA covers. See 5 U.S.C. §§ 8331(12), 8332, 8333(a) and (b), and 8338 (1988). The burden of proof is on the petitioner to establish his entitlement to an annuity. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 3
 Mr. Sabado has only alleged three years of military service with guerilla units of the Philippine Army during World War II and three months of civilian service with the United States Army. Even if we assumed that Mr. Sabado's civilian service with the United States Army was in a permanent position and therefore was creditable, he falls far short of the requisite five years of creditable civilian service for an annuity. Second, he has not established that one of his last two years was covered as he did not even have a year of civilian service that could have been covered.
 
 
 4
 Nor may we waive the statutory requirements because the petitioner suffered a disabling gunshot wound in the line of duty. Cf. Office of Personnel Management v. Richmond, 110 S.Ct. 2465, 2469 (1990) (equitable estoppel may not be applied against the government in contravention of statute). Given the record before us, the Board's decision was certainly not "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988).