972 F.2d 1354
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Grace C. AUSTIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3567.
 United States Court of Appeals, Federal Circuit.
 June 12, 1992.
 
 Before RICH, PAULINE NEWMAN and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Grace C. Austin petitions for review of a Merit Systems Protection Board decision, Docket No. CH08319110381, affirming the Office of Personnel Management's (OPM) reconsideration decision that denied her application for a survivor annuity. We affirm.
 
 DISCUSSION
 
 2
 Pierre Austin was not married when he retired from federal civil service on February 11, 1978. On October 21, 1978, Pierre Austin married Grace C. Austin. In February of 1979, Pierre Austin informed OPM by letter of his marriage and that he would like to designate his wife as the beneficiary of his "insurance." OPM responded with information concerning his insurance policy. On March 12, 1979, OPM also responded with information concerning an election of a survivor annuity: "Thank you for informing us of your marriage. You can, within one year after the date of your marriage, elect a reduction in your annuity to provide for your spouse." The letter further informed Pierre Austin of his current monthly gross annuity rate and the rate he would receive should he choose to provide a survivor annuity for his wife. In addition, OPM's letter included a form captioned "Election of Reduced Annuity with Survivor Benefit to Spouse" for Pierre Austin to complete if he chose to provide a survivor annuity for his wife. However, OPM states that it never received a survivor annuity form from Pierre Austin. Pierre Austin died on April 15, 1989.
 
 
 3
 Shortly after Pierre Austin's death, Grace Austin applied for a survivor annuity. OPM denied Grace Austin's application on the ground that her spouse had not applied for a survivor annuity within one year after his marriage. On January 17, 1991, OPM affirmed its initial decision. On appeal to the Board, the Administrative Judge (AJ) determined that Pierre Austin had twice been informed by OPM of the one year period in which to apply for a survivor annuity; once in October 1978 when survivor election notices were mailed to all annuitants along with their annuity checks and again in OPM's March 12, 1979 letter. The AJ rejected Grace Austin's argument that the two letters did not provide adequate notice because senior citizens do not read notices sent to them. The initial decision became the final decision of the Board on August 9, 1991.
 
 
 4
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Pursuant to 5 U.S.C. 8339(k)(2), a retired federal civil service employee who marries after retiring and wishes to provide a survivor annuity for the new spouse must elect a survivor annuity "in a signed writing received in the Office [of Personnel Management] within 1 year after" the annuitant marries. Grace Austin states in her informal brief: "I understand that [Pierre Austin] did not sign certain papers pertaining to his annuity but he did send a letter putting me on his insurance. I'm sure that he was a little confused, thats probably why he thought the letter was sufficient." However, Pierre Austin's February 1979 letter to OPM states: "I'am marry now[.] I would like to change my insurance to my wife as full beneficiary her name is Grace C. Austin (emphasis added)." Although the letter may not be grammatically correct, it is clear and specific. Pierre Austin did not mention his annuity. Moreover, Grace Austin does not contest that her husband was twice notified by OPM that he could provide a survivor annuity to her by returning the necessary paperwork to OPM.
 
 
 5
 The Board determined that Pierre Austin received adequate notice of his right to elect a survivor annuity for his wife and failed to do so. Grace Austin has not shown otherwise. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden to establish entitlement to benefits). Accordingly, we determine that the Board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law.