980 F.2d 745
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ricardo G. CARMAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3359.
 United States Court of Appeals, Federal Circuit.
 Oct. 26, 1992.
Rehearing Denied Dec. 14, 1992.
 
 Before RICH, MAYER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Merit Systems Protection Board decision affirming the Office of Personnel Management's reconsideration decision that denied Ricardo G. Carman's application for a civil service retirement annuity, Docket No. SE0831920063I1, is affirmed.
 
 
 2
 The board considered a statement from the National Personnel Records Center that a search of its records did not reveal any evidence of Carman's claimed civilian employment. The board also considered documents produced by Carman and his own statements which indicated to the board that all of Carman's service was as an employee of contractors of the Navy rather than as an employee of the Navy itself. Finally, the board considered a letter of recommendation from a supervisor stating that Carman "worked for the U.S. Navy for about 19 years," but found no evidence that he was appointed to his position by a federal officer acting in his official capacity as required by 5 U.S.C. § 2105(a).
 
 
 3
 On this appeal, Carman alleges no grounds that would establish his entitlement to an annuity. The board weighed the evidence before it and concluded that his service was with a government contractor instead of the Navy, and Carman has not shown otherwise. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986) (employee has burden of establishing entitlement to benefits). The board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law. See 5 U.S.C. § 7703(c) (1988).