68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alejandro BECERRA Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3441.
 United States Court of Appeals, Federal Circuit.
 Oct. 17, 1995.
 
 Before NEWMAN, PLAGER, AND RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alejandro Becerra appeals a decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DC-0351-94-0792-I-1, affirming the decision of the Office of Personnel Management (OPM) to remove Mr. Becerra from his position with OPM by reduction in force (RIF). We affirm.
 
 BACKGROUND
 
 2
 Mr. Becerra was employed as a Special Assistant to the Assistant Director for Personnel, in the Administrative Group of OPM. In 1992, Mr. Becerra was assigned to the National Council of La Raza, under the Intergovernmental Personnel Act of 1970, 42 U.S.C. Secs. 4701-72 (1988). On March 2, 1993 Becerra returned to his job at OPM, three months before the end of a performance appraisal period (July 1, 1992 to June 30, 1993). His supervisors did not believe that they had enough work product to evaluate Mr. Becerra's performance, so they deferred making an annual performance appraisal, rating him "Presumed Fully Satisfactory" for March 2 to June 30, 1993.
 
 
 3
 On March 25, 1994, Becerra's supervisor informed him that his performance was not satisfactory, and she placed him on a 90-day performance improvement period (PIP), pursuant to 5 C.F.R. Sec. 432.104. At the end of the PIP, Becerra's supervisor determined that his performance had improved to "Minimally Successful," and he was given a performance appraisal with this rating for March 2, 1993 to June 23, 1994. This rating was provided to Becerra on June 27, 1994.
 
 
 4
 On June 29, 1994 Mr. Becerra received written notice that he would be removed from OPM on September 3, 1994, as a result of a RIF. The reason for the RIF was a shortage of funds for the Administrative Group. Becerra appealed his removal to the Washington Regional Office of the MSPB.
 
 
 5
 The Washington Regional Office held hearings on December 6 and 14, 1994, and on January 5, 1995. In an initial decision issued on January 15, 1995, OPM's decision to remove Mr. Becerra was affirmed. The administrative judge (AJ) held that OPM had met its burden of proving that a shortage of funds existed, which provided a valid basis on which to exercise a RIF. The AJ also found that Mr. Becerra's position was eliminated for legitimate managerial reasons, based on policy instructions from the Associate Director for Administration that all Deputy and Special Assistant positions be eliminated.
 
 
 6
 As to the performance appraisal process, the AJ held that OPM committed no reversible error in appraising Mr. Becerra's performance following a 90-day PIP, and that the evidence did not show any error in the conduct of the PIP. The AJ also determined that Becerra had not been "targeted" in the RIF because of his association with James Lancaster, a former Administrative Group Associate Director, and that Becerra failed to establish a prima facie case of race or age discrimination.
 
 
 7
 Mr. Becerra filed a petition for review by the full Board. On March 29, 1995, the Board denied the petition for review, and the AJ's decision became the final decision of the Board. See 5 C.F.R. Sec. 1201.113 (1995). This appeal followed.
 
 STANDARD OF REVIEW
 
 8
 On appeal, our task is to determine whether the Board's decision is
 
 
 9
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 10
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 11
 (3) unsupported by substantial evidence....
 
 
 12
 5 U.S.C. Sec. 7703(c) (1994); see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 DISCUSSION
 
 13
 On appeal Becerra contends that he was improperly removed during the RIF as a result of: (1) lack of a valid reason for conducting a RIF; (2) an improperly administered performance review or PIP; (3) retaliation against Becerra; or (4) race or age discrimination.
 
 
 14
 The Board's determination that there was a valid reason for the RIF was supported by substantial evidence. Agencies have wide discretion in conducting a RIF under 5 C.F.R. part 351. Acerno v. Department of Health & Human Servs., 815 F.2d 680, 684 (Fed.Cir.1987). A "shortage of funds" is a valid basis for conducting a RIF in an agency. 5 C.F.R. Sec. 351.201(a)(2) (1995). At the Board hearing in this case, the Board heard testimony from numerous witnesses who testified that the Administrative Group faced a substantial budget shortfall for fiscal year 1995 at the time the RIF was conducted. Consequently, the Board had substantial evidence on which to determine that there was a valid basis for the RIF.
 
 
 15
 The Board's determination that Becerra's performance reviews and PIP were properly administered was also based on substantial evidence. The Board determined that the extension of Becerra's 1993 performance rating period through June 1994 was contrary to the OPM personnel manual. However, the Board determined that this was harmless error, as the "Minimally Successful" rating for March 2, 1993 to June 23, 1994 was issued to Becerra prior to the date of the issuance of the RIF notice, June 29, 1994, and was properly used during the RIF as the most recent annual performance rating.
 
 
 16
 The Board's determination that Becerra's removal was not part of a pattern of reprisal directed against employees associated with James Lancaster was also supported by substantial evidence. The Board noted the testimony of two employees who were hired or recommended for positions by Lancaster. The employees testified that they and other employees associated with Lancaster continue to hold important positions within the agency.
 
 
 17
 As to the claim of race or age discrimination,[1] this court lacks jurisdiction to consider an appeal of the Board's decision that Becerra failed to make out a prima facie case of discrimination. 5 U.S.C. Secs. 7702-03 (1994); Williams v. Department of the Army, 715 F.2d 1485 (Fed.Cir.1983).
 
 CONCLUSION
 
 18
 The Board's decision to uphold the action of the OPM in removing Mr. Becerra was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. Accordingly, we affirm.
 
 COSTS
 
 19
 Each party to bear its own costs.
 
 
 
 [1]
 Petitioner raised age and sex discrimination issues in his brief, although in Petitioner's Statement Concerning Discrimination he indicated that he sought review only of the Board's dismissal of the case for lack of jurisdiction or timeliness