NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DESIREE M. BROWN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3008

---

Petition for review of the Merit Systems Protection Board in No. SF-0843-14-0470-I-1.

---

Decided: April 9, 2015

---

DESIREE M. BROWN, Sacramento, CA, pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before PROST, *Chief Judge*, LOURIE, *Circuit Judge*, and GILSTRAP, *District Judge.**

PER CURIAM.

Desiree M. Brown ("Brown") appeals from the decision of the Merit Systems Protection Board (the "Board") affirming the Office of Personnel Management ("OPM")'s denial of her application for a retirement annuity. *See Brown v. Office of Pers. Mgmt.*, No. SF-0843-14-0470-I-1 (M.S.P.B. Aug. 4, 2014) ("*Decision*"). Because the Board did not err in affirming OPM's action, we *affirm*.

BACKGROUND

Brown worked for multiple federal agencies at various times from 1982 to 2010. *Id.* at 2. Following her various resignations, terminations, or removals, Brown requested and received refunds of her retirement deductions. *Id.* at 2–4. After her latest removal in 2010, she requested a refund for the most recent employment period. Once she received the refunded deductions, she filed an application for immediate retirement, which included an annuity election, under the Federal Employees' Retirement System ("FERS"). *Id.* at 4.

In 2011, OPM sent a letter to Brown stating that she was not eligible for a retirement annuity under FERS and that she had withdrawn all of her deductions from the fund. *Id.*; Resp't's App. 120. She requested reconsideration of her application, but due to various delays, OPM did not issue a reconsideration decision until 2014. *See Decision* at 4; Resp't's App. 116–119. The reconsideration decision, affirming the original denial, described Brown's various periods of employment and the corresponding

---

*       Honorable Rodney Gilstrap, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

refunds requested and received, and stated that Brown was not eligible to receive a retirement annuity because she received a refund of all of her contributions. Resp't's App. 116–119. Brown appealed from OPM's reconsideration decision to the Board.

A telephonic hearing was held by the Administrative Judge ("AJ"), but OPM did not participate. *Decision* at 4. After the hearing, Brown filed supplemental documents concerning an allegedly erroneous refund, and OPM did not respond. *Id.* at 5.

The AJ then issued an initial decision affirming OPM's action. The AJ found that Brown had applied for and received refunds of the retirement deductions which had accumulated during her various periods of employment. Because Brown had withdrawn all of her contributions to the system, the AJ determined that she was not eligible for a retirement annuity. As a result, the AJ concluded that OPM did not err in denying Brown's application for an immediate retirement annuity. *Id.* at 6.

The AJ rejected Brown's claim of entitlement to an annuity based on her employing agencies' contributions to the retirement system, citing a precedential Board opinion that had considered the same argument and denied that appellant's claim. *Id.* at 7. The AJ further found that Brown was ineligible to redeposit the withdrawn contributions to be allowed credit for her previous service.

The AJ also considered Brown's argument that OPM had erroneously issued a certain refund to her and that the agency's error should not preclude her from receiving a deferred annuity. However, the AJ examined the full record and found no error in the issuance of the refund. *Id.* at 8–10. The AJ further evaluated the alleged procedural errors made by OPM in processing her application and reconsideration. Despite the "extended delays" and "confusion" in the processing of the reconsideration request, the AJ found no error in OPM's original decision to

deny Brown's application, and thus those issues did not constitute harmful error justifying reversal of OPM's action. *Id.* at 10–11. Concluding that Brown was not entitled to an annuity under *any* retirement system for federal employees, the AJ also rejected the argument that the application was incorrectly processed under FERS. *Id.* at 11 & n.4. The AJ therefore affirmed OPM's reconsideration decision.

Brown did not file a petition for review by the full Board, and the AJ's decision thus became the final decision of the Board. Brown timely appealed from the Board's decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the decision of the Board unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The petitioner bears the burden of proving entitlement to benefits. *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986).

Brown argues that while the AJ noted that Brown's retirement record contained incomplete and inaccurate information, the AJ erroneously allowed it to remain part of the case file and relied upon it in rendering the decision. She also asserts that the AJ erred by not sanctioning the government under 5 C.F.R. § 1201.43. In particular, Brown alleges that OPM failed to defend the appeal, failed to timely process her retirement and request for reconsideration applications, and refused to apply a permanent actuarial reduction. She contends that these constituted harmful procedural errors that justify reversal of the Board's decision.

The government responds that the AJ did not improperly rely on the incomplete record document, but rather evaluated the conflict between that individual record and the Board's official records and found that the individual record was deficient. The government also argues that the imposition of sanctions is discretionary, and Brown presented no evidence of sanctionable conduct. The government contends that OPM sufficiently defended the appeal because all of the requested documents were filed with its prehearing submission, OPM was not required or ordered to attend the hearing, and OPM was not instructed to respond to the posthearing submission. Moreover, the government argues, Brown has not shown that the failure to remedy the alleged procedural errors constituted harmful error.

We agree with the government that the Board did not err in affirming OPM's denial of Brown's application for retirement. The AJ relied on the official Board records to render the initial decision, not on an individual record that the AJ determined to be incomplete or inaccurate. *Decision* at 8–10. The official records support the AJ's findings that Brown properly received her refunds and therefore had withdrawn all of her contributions to the retirement system.

We also agree with the government that the Board did not err in not sanctioning OPM. Although Brown asserts that OPM failed to defend the appeal, there is no evidence that OPM refused to submit required filings or even disregarded orders from the Board. We find that the Board was acting fully within its discretion in not imposing sanctions.

We furthermore do not find harmful error in the other procedural issues. The Board addressed the procedural errors as alleged and found no basis to determine that the delays or confusion in processing her application caused Brown harm, and found that she would not have obtained

a different result even absent these errors. *Decision* at 11 & n.4. Although there may have been a number of procedural missteps by OPM, Brown has not proven that the Board's decision would have been different. We therefore find no error in the Board's affirmance of OPM's denial of her retirement annuity.

CONCLUSION

We have considered Brown's remaining arguments and find them unpersuasive. We conclude that the Board's decision was not arbitrary or capricious, was not contrary to law, and was supported by substantial evidence. Accordingly, the decision of the Board is affirmed.

**AFFIRMED**

COSTS

No costs.