# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

RONALD A. CLARK,
　　　　　　Appellant,

　　　　v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　　Agency.

DOCKET NUMBER
PH-0831-16-0234-I-1

DATE: February 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald A. Clark, Leeds, Maine, pro se.

Jane Bancroft, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the final decision by the Office of Personnel Management (OPM) reducing his retirement annuity by eliminating credit for his post-1956 military

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

service.   Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant served on active military duty from 1972 to 1978 and worked for the U.S. Postal Service from February 7, 1981, until his resignation on January 5, 2007.  Initial Appeal File (IAF), Tab 6 at 24-25, 35-40.  In July 2009, he applied for, and began receiving, a Federal Employees' Retirement System (FERS) deferred annuity benefit with a Civil Service Retirement System (CSRS) component.[2]  *Id.* at 21-22, 31-34.   In February 2015, the Social Security Administration certified that the appellant would be eligible for Old-Age, Survivors, and Disability Insurance (OASI) benefits in August 2015.  *Id.* at 23.

---

[2] The record reflects that the appellant was covered by CSRS from 1981 until August 1998, at which time he elected to become covered by FERS.  IAF, Tab 6 at 35-40.  Because he had more than 5 years of civilian service under CSRS when he elected FERS coverage, he is entitled to a CSRS component in his FERS annuity. OPM, CSRS and FERS Handbook, *Election of FERS Coverage,* ch. 11, § 11A8.1-2(C), https://www.opm.gov/retirement-center/publications-forms/csrsfers-handbook/c011.pdf.

Accordingly, in July 2015, OPM informed the appellant that his annuity would be reduced as of September 1, 2015, to exclude credit for his military service because a civil service annuitant can only receive credit for post-1956 military service under both the CSRS and Social Security system if he paid a military service deposit prior to his resignation, which the appellant had not done. *Id.* at 15, 17. OPM further informed him that his gross monthly annuity would be reduced from $1,757 to $958. *Id.* at 18. The appellant requested reconsideration of the initial decision, and OPM issued a February 16, 2016 final decision affirming its initial decision. *Id.* at 12-13.

¶3 The appellant timely appealed OPM's final decision to the Board, declining his option for a hearing. IAF, Tab 1. He argued that OPM erred in calculating his reduced annuity to exclude credit for his post-1956 military service and failed to apply the correct law—namely, section 307 of the Omnibus Budget Reconciliation Act of 1982, Pub. L. No. 97-253, 96 Stat. 763, as amended by the Act of October 15, 1982, Pub. L. No. 97-346, § 3(k), 96 Stat. 1647 (hereinafter "section 307"). IAF, Tab 1 at 2, 5-9, Tab 7 at 1, Tab 12 at 1-5. According to the appellant, section 307(a) exempted him from the requirement that he make a post-1956 military service deposit, and section 307(b) contained the correct formula for recalculating his annuity, resulting in a $43 reduction to his monthly annuity, rather than $799, as determined by OPM. IAF, Tab 1 at 2, 5-9, Tab 7 at 1, Tab 12 at 1-5. In an initial decision based on the written record, the administrative judge affirmed OPM's final decision. IAF, Tab 13, Initial Decision (ID).

¶4 The appellant has filed a petition for review of the initial decision, reiterating his arguments from below. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      Under CSRS, the creditable service of an individual like the appellant, i.e., one who first became an employee before October 1, 1982, includes credit for each period of military service performed before the date on which the entitlement to an annuity is based, subject to 5 U.S.C. § 8332(j).[3] 5 U.S.C. § 8332(c)(1)(A). Subsection 8332(j)(1) provides that military service is *not included* in calculating the service credit on which a CSRS annuity is based if the individual is entitled, or would on proper application be entitled, to monthly OASI benefits under 42 U.S.C. § 402. However, subsection 8332(j)(2)(A) provides that subsection 8332(j)(1) *does not apply* to any period of military service to which the individual has made a deposit with interest under section 8334(j). Such a deposit must be made before the date of the individual's retirement or before the date OPM takes final action on his retirement application. *Collins v. Office of Personnel Management*, 45 F.3d 1569, 1571 (Fed. Cir. 1995); 5 C.F.R. §§ 831.2104(b), 831.2107(b). If the individual fails to make such a deposit, OPM must recalculate the annuity payments when he first becomes eligible for OASI benefits to exclude service credit for his post-1956 military service. *McDevitt v. Office of Personnel Management*, 118 M.S.P.R. 204, ¶ 6 (2012); *see* 5 U.S.C. § 8332(j)(1).

¶6      Here, as noted above, OPM recalculated the appellant's annuity to eliminate credit for his post-1956 military service after he became eligible for OASI benefits in 2015 because he did not make the post-1956 military service deposit. IAF, Tab 6 at 12-13, 15, 17. In his Board appeal, he does not challenge OPM's

---

[3] As noted above, the appellant receives a FERS annuity with a CSRS component. Because he performed his period of military service before he elected FERS coverage, his military service is part of the CSRS component of his annuity and is treated under CSRS rules. OPM, CSRS and FERS Handbook, *Creditable Military Service*, ch. 22, § 22B2.1-1(B), https://www.opm.gov/retirement-center/publications-forms/csrsfers-handbook/c022.pdf; IAF, Tab 6 at 24-25, 35-39.

finding that he did not make a military service deposit but argues that section 307 of Pub. L. No. 97-253 exempts him from the limitations of 5 U.S.C. § 8332(j) and the deposit provisions of section 8334(j) and entitles him to a smaller reduction of his monthly annuity. IAF, Tab 1 at 2, 5-9, Tab 7 at 1, Tab 12 at 1-5; PFR File, Tab 1. An appellant bears the burden of proving, by a preponderance of the evidence, that he is entitled to the benefits he seeks under the CSRS.[4] *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986).

¶7        Section 307 of Pub. L. No. 97-253 is codified as amended in a statutory note titled "Recomputation at Age 62 of Credit for Military Service of Current Annuitants." 5 U.S.C. § 8332 note. Section 307(a) reads as follows:

> The provisions of section 8332(j) . . . relating to credit for military service, shall not apply with respect to any individual who is entitled to an annuity under subchapter III of chapter 83 of title 5, United States Code, on or before the date of enactment of this Act [Sept. 8, 1982] or who is entitled to an annuity based on a separation from service occurring on or before such date of enactment.

The administrative judge found that section 307 did not apply to the appellant because he was not "entitled" to an annuity on or before the date of its enactment and because the laws that are applicable to his annuity rights are those that were in effect at the time of his July 1, 2009 retirement. ID at 4. The appellant argues on review that section 307(a) applies to him because he was "entitled" to a CSRS annuity as of September 8, 1982, seemingly by virtue of the fact that he began his Federal employment in 1981. PFR File, Tab 1 at 4-9.

¶8        As the title of the statutory note indicates, section 307 applies to individuals who were "current annuitants," i.e., entitled to a CSRS annuity, as of September 8, 1982. 5 U.S.C. § 8332 note (Recomputation at Age 62 of Credit for

---

[4] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Military Service of Current Annuitants); *see Jackson v. Office of Personnel Management*, No. 97-3331, 1997 WL 758780, at *2 (Fed. Cir. Dec. 10, 1997).[5] Under CSRS, an "annuitant" is defined as a former employee "who, on the basis of his service, meets all requirements of this subchapter for title to annuity and files claim therefor." 5 U.S.C. § 8331(9). To be eligible for a CSRS annuity, an individual must have at least 5 years of creditable service and must serve at least 1 of the last 2 years of Federal service in a position covered by the Civil Service Retirement Act of 1954. 5 U.S.C. § 8333(a)-(b). Here, the appellant, who became a Federal employee in 1981, was not a "current annuitant," or even eligible to apply for a CSRS annuity, on or by September 8, 1982. IAF, Tab 6 at 35-40. Accordingly, we agree with the administrative judge's determination that section 307(a) does not apply to the appellant. ID at 4. The appellant's assertion on review that he was "entitled" to an annuity on or before September 8, 1982, because he was already a Federal employee is unpersuasive and provides no basis to disturb this finding.

¶9    The appellant also argues that, even if section 307(a) does not apply to him, his annuity should be reduced pursuant to the alternative method described in section 307(b). PFR File, Tab 1 at 7-10. We disagree. Section 307(b) established an alternate method of determining any reduction in a CSRS annuity due to an annuitant's eligibility for OASI. 5 U.S.C. § 8332 note; *Kerr v. Office of Personnel Management*, 29 M.S.P.R. 284, 286 (1985), *aff'd*, 802 F.2d 469 (Fed. Cir. 1986) (Table). However, it only applies to individuals described in section 307(a), i.e., annuitants who retired on or before September 8, 1982. 5 U.S.C. § 8332 note; *Burdick v. Office of Personnel Management*, 49 M.S.P.R. 216, 218 (1991); *Hartness v. Office of Personnel Management*, 30 M.S.P.R. 360,

---

[5] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds the court's reasoning persuasive. *See Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

362 (1986).  Here, because the appellant retired after September 8, 1982, he is not eligible for the alternate method of reducing his annuity described in section 307(b).  *See Burdick*, 49 M.S.P.R. at 218.

¶10    In light of the foregoing, we agree with the administrative judge's determination that OPM correctly reduced the appellant's annuity upon his becoming eligible for OASI benefits in 2015 because he did not timely make a military service deposit.  We further find no merit to the appellant's contention that he is entitled to an alternate reduction amount because he indisputably retired after September 8, 1982.  We have considered the appellant's remaining arguments regarding his belief that he is covered by section 307 of Pub. L. No. 97-253, but find that they are contrary to the clear and controlling language of the statute.  Accordingly, we discern no basis to disturb the administrative judge's determination that the appellant has failed to show any error in OPM's final decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.