**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANITA L. WILLIAMS, | DOCKET NUMBER |
| Appellant, | CH-0831-25-0093-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: June 11, 2026 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Anita L. Williams, Chicago, Illinois, pro se.

Eva Ukkola, Angerlia D. Johnson, and Maureen A. Kersey, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) regarding her application for a deferred retirement annuity under the Civil Service Retirement System (CSRS). For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant is a former Federal employee, who last worked for the Federal Government in 1998 and applied for a deferred retirement annuity under the CSRS on February 29, 2024. Initial Appeal File (IAF), Tab 1 at 14-16. In 1999, she took a refund of her retirement contributions for her 19 years of Federal service at the U.S. Postal Service. *Id.* at 9, 15. OPM notified her, on March 12, 2024, that she was not eligible to receive an annuity because she had received a refund of all her retirement contributions. *Id.* at 9. OPM also stated that it found no records indicating that she performed any additional Federal service. *Id.*

On June 7, 2024, the appellant filed a request for reconsideration of OPM's initial decision. *Id.* at 8. She stated that she had 3 additional years Federal service from working at the U.S. Army Corps of Engineers between 1976 and 1979. *Id.* OPM issued a reconsideration decision, dated November 4, 2024, dismissing her request for reconsideration on timeliness grounds. *Id.* at 6-7. The appellant filed an initial appeal with the Board on November 14, 2024, challenging the reconsideration decision. *Id.* at 1-5, 18; *see* 5 C.F.R. § 1201.4(l). She asserted that she had 3 additional years of Federal service and that she did not know that there was a time limit on filing a request for reconsideration. IAF, Tab 1 at 3. Although she initially requested a hearing, the appellant later requested a decision on the written record. *Id.* at 1; IAF, Tab 9 at 1.

The administrative judge issued an initial decision, dated May 22, 2025, in which he affirmed OPM's reconsideration decision, finding that the appellant did not address the timeliness of her request for reconsideration with OPM. IAF, Tab 13, Initial Decision at 4. The appellant filed a petition for review on June 12, 2025, in which she asserts that she did not know about the 30-day time limit to

file her request for reconsideration with OPM and claims that she found proof of her service at the Army Corps of Engineers. Petition for Review File, Tab 1 at 1, 11; *see* 5 C.F.R. § 1201.4(l).

## DISCUSSION OF ARGUMENTS ON REVIEW

The burden of proving entitlement to a retirement benefit is on the applicant for benefits. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986). A request for reconsideration of an initial decision issued by OPM regarding retirement benefits must be received by OPM within 30 calendar days from the date of the initial decision. 5 C.F.R. § 831.109(e)(1). OPM may extend the time limit for filing a request for reconsideration when the applicant can prove that she was not notified of the time limit and was not otherwise aware of it, or that she was prevented by circumstances beyond her control from making the request within the time limit. *Azarkhish v. Office of Personnel Management*, 915 F.2d 675, 677 (Fed. Cir. 1990); 5 C.F.R. § 831.109(e)(2).

When OPM dismisses an individual's request for reconsideration of an initial decision as untimely, the Board has jurisdiction over an appeal regarding the timeliness determination. *Kent v. Office of Personnel Management*, 123 M.S.P.R. 103, ¶ 7 (2015).[2] The Board will only reverse an OPM final decision denying reconsideration under 5 C.F.R. § 831.109(e) if it finds that OPM's denial was unreasonable or an abuse of discretion. *Meister v. Office of Personnel Management*, 52 M.S.P.R. 508, 513 (1992). In this case, the appellant alleged below that OPM did not inform her of the 30-day time limit to request reconsideration of its initial decision. IAF, Tab 1 at 3. She provided a copy of

---

[2] Although the appellant in *Kent* was covered under the Federal Employees' Retirement System (FERS) and the appellant in this matter is covered under CSRS, the applicable regulatory standards governing the timeliness of reconsideration requests under CSRS and FERS are essentially identical. *Compare* 5 C.F.R. § 831.109(e), *with* 5 C.F.R. § 841.306(d).

OPM's March 12, 2024 initial decision letter. *Id.* at 9. This letter did not mention a time limit for filing a request for reconsideration, but it did state that a copy of RI 38-47 was enclosed.[3] *Id.* However, the appellant claimed that she never received the enclosure. *Id.* at 3. The agency did not address this issue below or in its response to her petition for review.

Although it did not directly address whether it notified the appellant of the deadline to file a request for reconsideration, the agency supplied a copy of its March 12, 2024 initial decision along with a copy of RI 38-47. IAF, Tab 5 at 15-16. The copy of the initial decision provided by the agency bears the hallmarks of a paper copy that was scanned. *Id.* at 15. Indeed, it has the outline of a two-hole punch at the top of the page and dots throughout the document. *Id.* In contrast, the copy of RI 38-47, which appears on the next page, is pristine. *Id.* at 16. There are two small green boxes on the bottom of the page, labeled "PRINT" and "SAVE." *Id.* These boxes are only displayed when viewing the document on a computer. They disappear when the page is printed. As a result, the RI 38-47 provided by the agency could not have been a scan of a hard copy sent to the appellant with the initial decision.

Based on this information, we find it more likely than not that the appellant was not provided a copy of RI 38-47 when she received OPM's March 12, 2024 initial decision.[4] *See Williams v. Office of Personnel Management*, 100 M.S.P.R. 190, ¶ 10 (2005) (using the preponderant evidence standard to assess an appellant's claim that she was prevented by circumstances beyond her control from making her reconsideration request within the filing time limit). As such,

---

[3] RI 38-47 outlines the right of an applicant for retirement benefits to seek reconsideration of OPM's initial decision. It informs the applicant that any request for reconsideration generally must be received by OPM within 30 calendar days of the date of the initial decision. IAF, Tab 5 at 16.

[4] We are guided by the principles for resolving credibility issues outlined in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), as adapted for cases in which no testimony occurred. *See Goode v. Defense Logistics Agency*, 45 M.S.P.R. 671, 674 n.2 (1990).

we find that the agency did not notify the appellant of the 30-day deadline to file her request for reconsideration. We also credit her statement that she did not learn about the time limit through other means. IAF, Tab 1 at 3. Therefore, we find that OPM was unreasonable in dismissing the appellant's request for reconsideration as untimely.

Having determined that OPM was unreasonable in dismissing the appellant's request for reconsideration as untimely, the Board's jurisdiction attaches to the merits of her appeal of the denial of her request for a deferred annuity. *See Kent*, 123 M.S.P.R. 103, ¶ 7. Because the parties have not had the opportunity to present argument and evidence regarding the merits, we remand this matter to the regional office for adjudication of the merits of the appellant's claim.

## ORDER

For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:      _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.