NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE WHITE,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1561

---

Petition for review of the Merit Systems Protection Board in No. DC-0831-21-0247-I-2.

---

Decided:  October 8, 2024

---

LAWRENCE WHITE, Mount Rainier, MD, pro se.

LAURA OFFENBACHER ARADI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

Lawrence White appeals pro se a final order of the Merit Systems Protection Board denying his petition for review of an initial decision regarding his annuity retirement benefit. We affirm.

BACKGROUND

Mr. White served in various roles in the federal government for over forty-six years. SAppx46.[1] He retired from federal service in March 2020. SAppx8. Shortly thereafter, the Office of Personnel Management ("OPM") notified Mr. White that it had finalized and authorized payment of his annuity retirement benefit. SAppx53. In July 2020, Mr. White notified OPM that he disagreed with several aspects of OPM's computation of his annuity, and that OPM should have returned his excess retirement deductions from his years of service that exceeded forty-one years and eleven months. SAppx51. In August 2020, OPM notified Mr. White that it had correctly computed his annuity and explained the basis for the computation. SAppx43–44. As relevant here, OPM explained that in 1979, Mr. White applied for and received a refund of his retirement contributions totaling $4,178.58 and that his receipt of this refund resulted in a deduction to his annuity. *Id.* OPM also explained that while Mr. White had excess retirement deductions from his service that exceeded forty-one years and eleven months, OPM applied the entirety of Mr. White's excess deductions to service periods in which Mr. White did not have any retirement deductions withheld. SAppx43.

In September 2020, Mr. White sought reconsideration of OPM's computation. SAppx49. Mr. White argued that he only received a refund of "about $1,300 something" in 1979, not $4,178.58. *Id.* In January 2021, OPM issued a

---

[1] "SAppx" refers to the appendix accompanying the government's responsive brief.

final decision affirming its computation of Mr. White's annuity. SAppx40–42.

In February 2021, Mr. White appealed to the Merit Systems Protection Board ("Board"), again alleging that he never received the full amount of the 1979 refund and that OPM should have returned his excess retirement deductions from his service that exceeded forty-one years and eleven months. SAppx38–39. An administrative judge affirmed OPM's final decision. *White v. Off. of Pers. Mgmt.*, No. DC-0831-21-0247-I-2, 2022 WL 828629 (M.S.P.B. Mar. 14, 2022) (SAppx7–29) ("*Initial Decision*"). In April 2022, Mr. White filed a petition for review of the administrative judge's initial decision. SAppx64–89. The Board denied Mr. White's petition for review and thus the administrative judge's initial decision became the Board's final decision. *White v. Off. of Pers. Mgmt.*, No. DC-0831-21-0247-I-2, 2024 WL 621409 (M.S.P.B. Feb. 13, 2024) (SAppx30–37) ("*Final Decision*").

Mr. White appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

Our review of Board decisions is limited. 5 U.S.C. § 7703(c). We set aside a Board decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.*

## DISCUSSION

Mr. White argues that the Board erred in affirming OPM's computation of his annuity because Mr. White never received the total amount of the $4,178.58 refund from 1979. Appellant Informal Br. 4. According to Mr. White, there is no record or payment history to show that he received the full refund amount. *Id.* Mr. White also argues that the Board further erred because OPM should

have returned his excess retirement deductions from his service that exceeded forty-one years and eleven months. *Id.* We are not persuaded that the Board erred.

Mr. White bears the burden to establish that he did not receive a full refund of his retirement contributions or that he is entitled to additional retirement benefits. *See Cheeseman v. Off. of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986). A claimant's uncorroborated assertion that he did not receive a refund does not satisfy the claimant's burden when there has been a significant delay in reporting the non-receipt, and OPM has introduced ordinary course of business evidence to the contrary. *See Rint v. Off. of Pers. Mgmt.*, 48 M.S.P.R. 69, 71–72 (1991), *aff'd*, 950 F.2d 731 (Fed. Cir. 1991); *see also Landvogt v. Off. of Pers. Mgmt.*, 516 F. App'x 923, 925 (Fed. Cir. 2013).

The Board considered Mr. White's testimony that he only received a partial refund and weighed that testimony against OPM's evidence to the contrary. SAppx14–19. Specifically, the Board credited a record OPM provided known as a Standard Form 2806. SAppx17. This record lists the total amount of Mr. White's cumulative retirement deductions from 1973 to 1979 as $4,178.58. SAppx17; *see also* Appellant Informal Br. 20 (copy of Standard Form 2806 appended to Mr. White's brief). It also includes handwritten notations under the heading "Refund Authorized" and subheading "Payment," which list $4,178.58 and a signature dated November 1, 1979. SAppx17; *see also* Appellant Informal Br. 20. Below the handwritten notations is a date stamp reflecting a date of November 7, 1979. SAppx17; *see also* Appellant Informal Br. 20. The Board found "no indication that OPM processed only a partial refund," deemed Mr. White's version of events "inherently unlikely," and determined that Mr. White failed to show that he did not receive the full refund. SAppx16–17.

We agree with the Board that Mr. White failed to carry his burden to prove non-receipt of the full amount of the

authorized refund of $4,178.58 in 1979.  The only evidence Mr. White presented to support his argument that he did not receive the full amount of the refund is his own testimony.  Because Mr. White's testimony is uncorroborated, and there has been a significant delay since OPM issued the 1979 refund to Mr. White, OPM's record of payment is substantial evidence supporting the Board's conclusion that Mr. White received the 1979 refund in full. SAppx14–19; *Rint*, 48 M.S.P.R. at 71–72.

The Board also considered Mr. White's argument that OPM should have returned his excess retirement deductions from his service that exceeded forty-one years and eleven months.  The Board found that Mr. White submitted "little to no evidence in support of his claim[]."  SAppx21. In light of this finding and OPM's evidence to the contrary, the Board concluded that Mr. White "failed to establish by preponderant evidence that OPM's calculation of his annuity was incorrect."  *Id.*

We agree with the Board that Mr. White failed to carry his burden of proof.  Mr. White does not appear to dispute that he had several years of nondeduction service.  Nor does Mr. White dispute the requirement that OPM apply excess deductions to periods of nondeduction service.  In sum, Mr. White provides no basis as to why the Board's determination was legally erroneous, arbitrary, capricious, procedurally improper, or unsupported by substantial evidence.  And we do not discern any such error.

## CONCLUSION

We have considered Mr. White's remaining arguments and find them unpersuasive.  For the reasons stated, we affirm the Board's denial of Mr. White's petition for review.

## AFFIRMED

## COSTS

No costs.